COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-336-CR
  
  
THE 
STATE OF TEXAS                                                           APPELLANT
  
V.
  
JOHN 
JOSEPH AREND                                                              APPELLEE
 
  
------------
 
FROM 
COUNTY CRIMINAL COURT NO. 4 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
INTRODUCTION
        The 
State appeals from the trial court’s grant of Appellee’s motion to suppress 
in a driving while intoxicated case. We reverse and remand.
FACTUAL AND PROCEDURAL BACKGROUND
        On 
May 9, 2003, Appellee filed a motion to suppress the evidence arising from the 
traffic stop that led to his arrest for DWI on the basis that the traffic stop 
was made without a warrant, probable cause, or reasonable suspicion under the 
federal and state constitutions.  The trial court conducted a hearing on 
August 7, 2003.  The State called Texas State Trooper Richard Barton as its 
only witness.  Trooper Barton testified that on December 29, 2002, at 
approximately 2:40 a.m., he was parked in a marked unit on the shoulder of 
Highway 121 running stationary radar.  Trooper Barton described the roadway 
as having three marked lanes northbound and southbound, separated by a concrete 
barrier.  Trooper Barton stated that while parked, he observed Appellee’s 
vehicle traveling northbound in the center lane of traffic.  As 
Appellee’s vehicle approached, he “observed the vehicle move over the left 
stripe and back over the right stripe just as it was approaching another vehicle 
from behind.”  Trooper Barton described the vehicle as “making kind of 
a slow drifting movement” and stated that Appellee’s vehicle came within 
approximately one foot of the other vehicle.
        Trooper 
Barton testified that he decided to follow Appellee’s vehicle and at that 
point activated his dashboard video camera.  Trooper Barton stated that he 
followed Appellee’s vehicle for approximately forty-five to fifty seconds, 
during which time he observed it weaving as it went around a curve.  He 
stated that “[t]he left side tires when it went around the curve were on top 
of the stripe.  It moved back towards the right.  As I watched it 
again, the right side tires again got on . . . just about on top of the right 
stripe.”  The State had Trooper Barton diagram the events to illustrate 
what he had observed and also offered into evidence the video from his in-car 
camera.  Trooper Barton testified that he stopped the vehicle (1) “to 
investigate the possibility that the driver might possibly be intoxicated or 
impaired,” (2) because Appellee committed a traffic violation by 
“[f]ail[ing] to drive in a single lane,” and (3) because he was concerned 
that the driver could be having a medical problem or was possibly falling 
asleep, suggesting that weaving does not always indicate that a driver is 
intoxicated.
        On 
cross-examination, Trooper Barton stated that Appellee was not speeding nor did 
he observe any erratic speed changes.  Additionally, Trooper Barton agreed 
that what he observed was weaving in the lane.  Further, Trooper Barton 
stated that he listed the reason for stopping Appellee’s vehicle in his report 
as being for failure to drive in a single lane, but he did not include the 
incident with the other vehicle nor did he include his concern that the driver 
might be having a medical problem or falling asleep.
        At 
the conclusion of the hearing, the trial court granted Appellee’s motion to 
suppress “finding that it appears fairly certain from the record, both as to 
the drawing made by Trooper Barton and his testimony . . . that [Appellee’s] 
vehicle weaved within a single lane and touched on the line of traffic but did 
not cross over that line of traffic.”
        The 
State filed proposed findings of fact and conclusions of law, which were adopted 
by the trial court.  In its findings of fact, the trial court found that 
Trooper Barton is a credible and reliable witness, that Trooper Barton only 
observed “weaving within the lane,” and that Appellee’s “vehicle did not 
actually go completely into another lane.”  In its conclusions of law, 
the trial court held that “Trooper Barton’s belief that the Defendant could 
have been intoxicated due to the driving facts observed did not constitute a 
reasonable and articulable suspicion that the Defendant’s activity was related 
to a crime” and that “Trooper Barton’s belief that the Defendant committed 
. . . Failure to Maintain a Single Lane . . . was erroneous because weaving 
within the lane alone is not sufficient conduct to constitute a violation.”
        While 
the State concedes on appeal that Appellee did not drive into another lane of 
traffic, the State argues that the trial court erred in granting Appellee’s 
motion to suppress because (1) Trooper Barton had reasonable suspicion that 
Appellee was driving while intoxicated, (2) Trooper Barton had reasonable 
suspicion that Appellee committed the traffic violation of failing to maintain a 
single lane, (3) Trooper Barton had probable cause that Appellee committed the 
traffic violation of failing to maintain a single lane, (4) the trial court’s 
ruling conflicts with Texas Code of Criminal Procedure article 14.01, (5) the 
trial court’s ruling runs afoul of Terry v. Ohio,[2] 
(6) the trial court’s ruling violates the Fourth Amendment to the United 
States Constitution, (7) the trial court’s ruling violates article I, section 
9 of the Texas Constitution, and (8) the trial court’s ruling was erroneous 
because Trooper Barton’s actions were reasonable.
STANDARD OF REVIEW
        The 
Fourth Amendment protects against unreasonable searches and seizures. U.S. Const. amend. IV.  For an 
arrest to be justified under the Fourth Amendment, it must be accompanied by 
probable cause to believe that a person has engaged in or is engaging in 
criminal activity.  Henry v. United States, 361 U.S. 98, 102, 80 S. 
Ct. 168, 171 (1959).  A detention, however, may be justified on less than 
probable cause if a person is reasonably suspected of criminal activity based on 
specific, articulable facts.  Terry v. Ohio, 392 U.S. at 22, 88 S. 
Ct. at 1880; Carmouche v. State, 10 S.W.3d 323, 328 (Tex. Crim. App. 
2000).  The reasonableness of a temporary detention must be examined in 
terms of the totality of the circumstances and will be justified when the 
detaining officer has specific, articulable facts that taken together with 
rational inferences from those facts, lead him to conclude that the person 
detained actually is, has been, or soon will be engaged in criminal activity. Ford 
v. State, No. PD-1946-03, 2005 WL 544796, at *3 (Tex. Crim. App. March 9, 
2005); Woods v. State, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997).
        We 
review a trial court’s ruling on a motion to suppress evidence under a 
bifurcated standard of review. Ford, 2005 WL 544796, at *3; Carmouche, 
10 S.W.3d at 327; Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 
1997). In reviewing the trial court's decision, we do not engage in our own 
factual review. Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 
1990); Best v. State, 118 S.W.3d 857, 861 (Tex. App.—Fort Worth 2003, 
no pet.).  The trial judge is the sole trier of fact and judge of the 
credibility of the witnesses and the weight to be given their testimony. State 
v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); State v. Ballard, 
987 S.W.2d 889, 891 (Tex. Crim. App. 1999).  Therefore, we give almost 
total deference to the trial court's rulings on (1) questions of historical fact 
and (2) application-of-law-to-fact questions that turn on an evaluation of 
credibility and demeanor.  Johnson v. State, 68 S.W.3d 644, 652-53 
(Tex. Crim. App. 2002); Harrison v. State, 144 S.W.3d 82, 85 (Tex. 
App.—Fort Worth 2004, pet. granted); Best, 118 S.W.3d at 861-62.  
However, when the trial court's rulings do not turn on the credibility and 
demeanor of the witnesses, we review de novo a trial court's rulings on mixed 
questions of law and fact.  Ford, 2005 WL 544796, at *3; Johnson, 
68 S.W.3d at 652-53.
        When 
the only evidence presented in a motion to suppress hearing is the testimony of 
the arresting officer (which, if believed, clearly adds up to a reasonable 
suspicion or probable cause) and the trial court grants the motion without 
filing findings of fact or any other explanation, there is not a “concrete” 
set of facts that can be implied from such a ruling. Ross, 32 S.W.3d at 
856. The trial court may have disbelieved the officer on at least one material 
fact, or the trial court may be in a situation in which it does not know what 
exactly the facts are, but it does know (on the basis of demeanor, appearance, 
and credibility) that they are not as the witness describes. Id. In this 
situation, we do not necessarily have a set of historical facts to which we may 
apply the law. Id. The determination of probable cause rests entirely on 
the credibility of the lone witness. Id. This scenario is a mixed 
question of law and fact, the resolution of which turns on an evaluation of 
credibility and demeanor. Id. The proper standard of review is therefore 
“almost total deference” to the trial ruling. Id.; see also State 
v. Ballman, 157 S.W.3d 65, 69 (Tex. App.—Fort Worth 2004, no pet.).
        When 
the sole witness at the motion to suppress hearing is the arresting officer and 
the trial court files findings of fact and conclusions of law, the only question 
before us is whether the trial court properly applied the law to the facts it 
found.  Ballman, 157 S.W.3d at 69 (citing Carmouche, 10 
S.W.3d at 327-28; Guzman, 955 S.W.2d at 86-87, 89; Harrison, 144 
S.W.3d at 85; James v. State, 102 S.W.3d 162, 169-79 (Tex. App.—Fort 
Worth 2003, pet. ref'd)).  This is especially true in a case like this 
where the State has not contested the trial court's findings of fact, and the 
trial court found the arresting officer to be credible but concluded his 
testimony was insufficient as a matter of law.[3]   
Ballman, 157 S.W.3d at 69 (citing Ross, 32 S.W.3d at 856-58; Guzman, 
955 S.W.2d at 89; State v. Maldonado, No. 01-03-00774-CR, 2004 WL 
2306703, at *2 (Tex. App.—Houston [1st Dist.] Oct. 14, 2004, no pet.)).  
Therefore, we will apply a de novo review to determine whether the trial court 
correctly applied the law to the facts it found. Ballman, 157 S.W.3d at 
69; see Swearingen v. State, 143 S.W.3d 808, 811 (Tex. Crim. App. 2004) 
(explaining application of various standards of review to warrantless searches 
and searches pursuant to a warrant) (citing Ornelas v. United States, 517 
U.S. 690, 697-98, 116 S. Ct. 1657, 1662 (1996)).  Because the trial court 
entered findings of fact and conclusions of law and because the trial court 
found Trooper Barton to be both credible and reliable, we must give that court 
almost total deference in reviewing those historical facts found but review de 
novo the application of the law to those facts.  See Ross, 32 S.W.3d 
at 856-58; Ballman, 157 S.W.3d at 69.
DRIVING WHILE INTOXICATED
        In 
its first point, the State contends that the totality of the circumstances gave 
rise to a reasonable suspicion that Appellee was driving while intoxicated and 
points to the following evidence to support its contention: (1) Appellee’s 
vehicle weaved several times; (2) his vehicle came within approximately a foot 
of another vehicle; (3) Trooper Barton followed Appellee and confirmed that the 
weaving was a problem and not a one-time occurrence; (4) Trooper Barton had 
twenty-two years of experience; and (5) Trooper Barton testified that based on 
his experience and training weaving is a good indicator of possible 
intoxication.  Furthermore, the record indicates that Trooper Barton 
testified that he “stopped the vehicle to investigate the possibility that the 
driver might possibly be intoxicated or impaired.”  Appellee argues that 
Trooper Barton’s only reason for stopping him was for failing to maintain a 
single lane and that because the trial court found that Appellee’s weaving did 
not constitute a traffic violation, Trooper Barton did not have reasonable 
suspicion for his initial detention of Appellee.
        There 
is no requirement that a traffic regulation has been or is about to be violated 
in order for an officer to have reasonable suspicion sufficient to justify a 
stop of a vehicle.  James, 102 S.W.3d at 172; see Cook v. State, 
63 S.W.3d 924, 929 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd).  An 
officer may be justified in stopping a driver based upon a reasonable suspicion 
of driving while intoxicated. James, 102 S.W.3d at 172.  Erratic or 
unsafe driving may furnish a sufficient basis for a reasonable suspicion that 
the driver is intoxicated even absent evidence of violation of a specific 
traffic law.  See State v. Tarvin, 972 S.W.2d 910, 912 (Tex. 
App.—Waco 1998, pet. ref’d) (opining that mere weaving in one’s own lane 
can justify an investigatory stop when that weaving is erratic, unsafe, or tends 
to indicate intoxication); see also Cook, 63 S.W.3d at 929 (holding that 
while appellant’s driving may not have constituted a traffic violation, it did 
provide reasonable suspicion that appellant was driving while intoxicated); McQuarters 
v. State, 58 S.W.3d 250, 255 (Tex. App.—Fort Worth 2001, pet. ref’d) 
(finding that even if officer’s testimony failed to establish reasonable 
suspicion that appellant violated traffic law, it did raise sufficient facts to 
justify a stop based on reasonable suspicion that appellant was intoxicated); Gajewski 
v. State, 944 S.W.2d 450, 453 (Tex. App.—Houston [14th Dist.] 1997, no 
pet.) (finding that although appellant’s driving may not have constituted a 
traffic violation, that did not negate a stop based on reasonable suspicion that 
appellant was intoxicated); Fox v. State, 900 S.W.2d 345, 347 (Tex. 
App.—Fort Worth 1995) (holding driver's conduct sufficient to justify stop 
based upon reasonable suspicion that something out of the ordinary was occurring 
even though no single act was illegal), pet. dism'd as improvidently granted, 
930 S.W.2d 607 (Tex. Crim. App. 1996).
        In 
this case, Trooper Barton testified that, based on his experience, he believed 
Appellee was possibly driving while intoxicated based on his initial observation 
of Appellee’s vehicle weaving within his lane and the continued weaving as he 
followed Appellee for approximately forty-five to fifty seconds. Therefore, 
based on the totality of the circumstances, we conclude that Trooper Barton had 
specific articulable facts, which taken together with rational inferences from 
those facts based on his experience, justified his reasonable suspicion that 
Appellee was driving while intoxicated. See Ortiz v. State, 930 S.W.2d 
849, 853, 856 (Tex. App.—Tyler 1996, no pet.) (holding that officers’ 
observation of appellant’s vehicle that weaved left, hit the grassy median, 
kicked up some dirt and grass, and then continued to weave within his lane two 
or three times gave them reasonable suspicion that appellant was driving while 
intoxicated); Davis v. State, 923 S.W.2d 781, 788 (Tex. App.—Beaumont 
1996) (holding that stop was proper where officer testified that he suspected 
driver was intoxicated or tired based on weaving within lane), rev’d on 
other grounds, 947 S.W.2d 240 (Tex. Crim. App. 1997); Fox, 900 S.W.2d 
at 347 (holding that officer’s observation of appellant’s vehicle’s speed 
fluctuating between 40 and 55 mph and weaving within his own lane provided 
sufficient specific facts to create a reasonable suspicion that some activity 
out of the ordinary was occurring or had occurred).  Therefore, we hold 
that the trial court erred in granting Appellee’s motion to suppress for lack 
of reasonable suspicion that Appellee was driving while intoxicated. 
Consequently, we do not reach the State’s remaining points. See Tex. R. App. P. 47.1.
CONCLUSION
        We 
reverse the trial court’s judgment and remand for proceedings consistent with 
this opinion.
  
   
                                                          ANNE 
GARDNER
                                                          JUSTICE
   
   
PANEL 
F:   GARDNER, WALKER, and MCCOY, JJ.
 
DO NOT 
PUBLISH
Tex. R. App. P. 47.2(b).
 
DELIVERED: 
April 28, 2005
 


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
392 U.S. 1, 88 S. Ct. 1868 (1968).
3.  
The State challenges the trial court’s “finding” that “Trooper 
Barton’s belief that [Appellee] could have been intoxicated due to the driving 
facts observed did not constitute a reasonable and articulable suspicion that [Appellee’s] 
activity was related to a crime.”  However, this is actually a challenge 
to the trial court’s conclusion of law and not a challenge to a finding of 
fact.