COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-06-315-CR

 

 

RACHAEL ANDERS                                                              APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

       FROM COUNTY CRIMINAL COURT NO. 10 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

 

                                              ------------

Appellant Rachael Anders
appeals the trial court=s order
denying her motion to suppress evidence. 
In her sole issue, Appellant complains that the trial court erred in
denying her motion because the arresting officer did not have reasonable
suspicion to stop her vehicle.  We
affirm.

 








BACKGROUND

Arlington police officer
Jason Heisel was the sole witness at the suppression hearing.  On June 10, 2006, around 8:50 p.m., Officer
Heisel received a dispatch advising him that a citizen complainant reported she
had seen a tan Chevrolet Tahoe Adriving erratically@ eastbound on I-20 past Cooper Street and expressed her concern that
the driver was intoxicated.  The citizen
also provided the license plate number of the vehicle.  While en route to the location of the
vehicle, Officer Heisel received additional information from dispatch that the
vehicle exited I-20 at Collins Street and pulled into a Quick Trip.  He also learned that a white male passenger
exited the vehicle at the Quick Trip and urinated in the parking lot.[2]








As Officer Heisel arrived at
the Quick Trip, he saw a vehicle matching the description exit the Quick Trip
parking lot.  He sped up to catch the
vehicle and matched its license plate with the number given by the
citizen.  He then stopped the vehicle and
eventually arrested Appellant for driving while intoxicated (DWI).[3]  There was a white male passenger of the
approximate age that the citizen reported in the vehicle as well.

After arresting Appellant,
Officer Heisel telephoned the citizen, and she told him that she had witnessed
him make the stop and that he had in fact pulled over the correct vehicle.

Officer Heisel admitted that
his only information was that the vehicle was being driven erratically and the
citizen was concerned that the driver was intoxicated.  He did not know the details of Appellant=s driving, such as whether she was weaving or driving under the speed
limit, and he did not personally observe her driving erratically.  He admitted that erratic driving is a
subjective assessment.

The trial court denied
Appellant=s motion to
suppress.[4]  Subsequently, Appellant pleaded guilty to
DWI.

STANDARD OF REVIEW








We review a trial court=s ruling on a motion to suppress evidence under a bifurcated standard
of review.  Carmouche v. State, 10
S.W.3d 323, 327 (Tex. Crim. App. 2000); Guzman v. State, 955 S.W.2d 85,
89 (Tex. Crim. App. 1997).  We do not
engage in our own factual review, but give almost total deference to the trial
court=s rulings on questions of historical fact and application‑of‑law‑to‑fact
questions that turn on an evaluation of credibility and demeanor.  Montanez v. State, 195 S.W.3d 101, 108B09 (Tex. Crim. App. 2006); Johnson v. State, 68 S.W.3d 644, 652B53 (Tex. Crim. App. 2002); Romero v. State, 800 S.W.2d 539, 543
(Tex. Crim. App. 1990); State v. Ballman, 157 S.W.3d 65, 68 (Tex. App.CFort Worth 2004, pet. ref=d); Best v. State, 118 S.W.3d 857, 861 (Tex. App.CFort Worth 2003, no pet.). 
However, when the trial court=s rulings do not turn on the credibility and demeanor of the
witnesses, we review de novo a trial court=s rulings on mixed questions of law and fact.  Estrada v. State, 154 S.W.3d 604, 607
(Tex. Crim. App. 2005); Johnson, 68 S.W.3d at 652B53.

An officer conducts a lawful
temporary detention when he or she has reasonable suspicion to believe that an
individual is violating the law.  Ford
v. State, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005).  Reasonable suspicion exists when, based on
the totality of the circumstances, the officer has specific, articulable facts
that when combined with rational inferences from those facts, would lead him to
reasonably conclude that a particular person is engaged in criminal
activity.  Id. at 492B93.













An officer may rely on
information received from a citizen, rather than his direct observation, so
long as the citizen=s statement
is reasonably corroborated by other matters within the officer=s knowledge.  Brother v.
State, 166 S.W.3d 255, 258B59 (Tex. Crim. App. 2005), cert. denied, 126 S. Ct. 1172
(2006); State v. Sailo, 910 S.W.2d 184, 189 (Tex. App.CFort Worth 1995, pet. ref=d) (citing Illinois v. Gates, 462 U.S. 213, 242, 103 S. Ct.
2317, 2334 (1983)).  However, it is not
the conduct indicating criminal activity related by the citizen that must be
corroborated; rather, corroboration by the police officer means, in light of
the circumstances, the officer confirms enough facts to reasonably conclude
that the information provided is reliable and a detention is justified.  Brother, 166 S.W.3d at 259 n.5; Sailo,
910 S.W.2d at 189.  Where the reliability
of information is increased, less corroboration is necessary.  Pipkin v. State, 114 S.W.3d 649, 654
(Tex. App.CFort Worth
2003, no pet.); State v. Stolte, 991 S.W.2d 336, 341 (Tex. App.CFort Worth 1999, no pet.).  A citizen=s tip deserves great weight when there is a detailed description of
the wrongdoing along with a statement that the event was witnessed firsthand,
when a citizen puts herself in a position to be held accountable for her
intervention, or when the citizen is not connected with the police or a paid
informant.  Pipkin, 114 S.W.3d at
655; Stolte, 991 S.W.2d at 341. 
Finally, an officer need not know specific facts or details of the
criminal activity in order to be justified in stopping a suspect.  Stolte, 991 S.W.2d at 342B43.

DISCUSSION

We have held that an
identified citizen caller who advised police dispatch the precise location of
the suspect, the license plate number of the vehicle, that the citizen was
following the driver, and that he suspected the driver was intoxicated provided
sufficient information to justify the officer=s stop.  Id. at 339B40, 342B43; see
also Pipkin, 114 S.W.3d at 655.  In
support of her contention that Officer Heisel did not have reasonable suspicion
to stop her vehicle, Appellant relies on another decision of this court, Valentich
v. State, No. 2-04-101-CR, 2005 WL 1405801 (Tex. App.CFort Worth June 16, 2005, no pet.) (not designated for
publication).  However, the facts in Valentich
are distinguishable from this case.  In Valentich,
the tipster was not a disinterested citizen but the ex-husband of the drunk
driver he reported.  Id. at
*2.  Here, there is no suggestion of a
relationship between the citizen and Appellant, indicating a higher degree of
reliability.  Also, there was no evidence
that the tipster in Valentich observed the suspicious driving firsthand,
and the tipster was not contacted or interviewed after the arrest.  Id. at *1.  In this case, the citizen did continue to
observe and report the vehicle=s location and was in contact with the police after the arrest.








In the case before us,
Officer Heisel received information from dispatch that a citizen had reported
erratic driving and a possible DWI.  The
citizen described the vehicle and provided its location and license plate
number.  Officer Heisel arrived at the
location described and saw a car matching the description given by the
citizen.  Furthermore, Officer Heisel
matched the license plate number of the vehicle he saw with the information
provided by the citizen.  The citizen
reported information she had observed firsthand.  Further, she updated the dispatcher on the
vehicle=s position, apparently was close by while the vehicle was stopped, and
was available to speak to Officer Heisel by phone after the arrest.  The citizen was therefore in a position to be
held accountable for her intervention. 
Finally, there is no indication that the citizen was connected to the
police or was a paid informant.  Based on
the totality of the circumstances, Officer Heisel reasonably concluded that
Appellant was engaging in criminal activity and was justified in stopping her
vehicle.

 

 

 

 

 

 








CONCLUSION

For these reasons, we hold
that the trial court properly denied Appellant=s motion to suppress.  We
overrule Appellant=s sole issue
and affirm the trial court=s judgment.

 

DIXON W. HOLMAN

JUSTICE

 

 

PANEL
A:  LIVINGSTON, HOLMAN, and GARDNER, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  May 31, 2007

 











[1]See Tex. R.
App. P. 47.4.





[2]Testimony regarding the passenger
was admitted over objection for the limited purpose of verifying that Officer
Heisel had stopped the correct vehicle. 
However, Officer Heisel apparently did not see the passenger until he
stopped Appellant; therefore, we do not consider it in determining whether he
had reasonable suspicion to execute the stop.





[3]The parties stipulated that
Appellant was not stopped pursuant to a warrant.





[4]Appellant did not request the trial
court to make findings of fact and conclusions of law, and none were
filed.  See State v. Cullen, 195
S.W.3d 696, 699 (Tex. Crim. App. 2006).