COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| THE STATE OF TEXAS, | | No. 08-09-00175-CR |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| v. | | County Criminal Court at Law No. 1 |
| | § | |
| VANESSA M. MENDOZA, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC# 2008OCO1360) |
| | § | |
| | § | |

**O P I N I O N**

Vanessa Mendoza was charged by information with driving while intoxicated. She filed a motion to suppress in which she argued that the traffic stop and detention that led to her arrest were not supported by reasonable suspicion and were therefore illegal. The trial court granted Appellee's motion, and the State has appealed. In a single issue, the State contends the trial court's order constitutes an abuse of discretion because the record demonstrates the detaining officer did have reasonable suspicion to pull over and investigate Appellee for DWI.

During the motion to suppress hearing, the State called El Paso Police Department Officer Enrique Davila, Jr. to testify regarding the events leading to Appellee's arrest. Officer Davila testified that on January 29, 2008, he was traveling southbound on Mesa Street in his patrol car at approximately 2:28 a.m., when he noticed Appellee's car on the road ahead of him. She appeared to be traveling at a high rate of speed. He testified; "I was going to attempt to pace it, so I caught up to the vehicle ahead, started my video camera, the recorder, but apparently the

vehicle that I was behind saw it and slowed down. It was maintaining its speed below the posted speed limit." He further testified that as he approached the car, he saw its brake lights and knew it slowed from its earlier speed. Officer Davila continued to monitor the car, and noticed it weaving within the lane in which it was traveling. As they continued south, a third car appeared on the road ahead of the officer and Appellee. Officer Davila testified that as they approached the third car, Appellee's car veered to the right in a way that made the officer think the two may collide. He also witnessed the car braking erratically.

Officer Davila then initiated a traffic stop, and after further investigation, he arrested Appellee for DWI. He explained that as a police officer, he is trained that actions such as erratic braking, speeding, wide turns, improper turns, and weaving within a lane are all indicators that a driver may be intoxicated. He also noted that he encountered Appellee's car at the hour of night when bars are closing and people who have been drinking are driving home.

At the State's request, the trial court issued the following findings of fact and conclusions of law:

FINDINGS OF FACT

1.    On January 29th, 2008, Officer Enrique Davila observed [Appellee] driving southbound around the 5500 or 5100 block of Mesa Street at about 2:28 a.m.

2.    Officer Davila believed [Appellee] was going at a high rate of speed but did not ascertain the vehicle's speed by radar or by pacing the vehicle.

3.    Officer Davila noticed [Appellant's] vehicle weaving within its lane a few times, [Appellee] was traveling on the far left lane of Mesa Street.

4.    Officer Davila stated that [Appellee's] car would continuously slow down and brake. The video depicts Mesa Street as a roadway going downhill with several curves.

-2-

5.      When approaching the intersection of Executive Center Blvd. and Mesa Street, Officer Davila felt that [Appellee's] car was going to hit another vehicle because it veered to the right. There was no testimony indicating if [Appellee's] car weaved out of her lane. There was no testimony about the proximity of the other car. The video shows a vehicle about two to three car lengths in front of [Appellee's] vehicle traveling in the far right lane.

6.      Officer Davila testified that he stopped [Appellee] because she weaved within a lane a few times, veered to the right and braked erratically.

CONCLUSIONS OF LAW

The Court finds that the facts of this case, (as seen on the video and the testimony of Officer Davila) did not justify a stop of [Appellee's] vehicle and do not provide the police officer with sufficient reasonable suspicion to believe that [Appellee] was intoxicated.

In a single issue, the State argues the trial court abused its discretion by concluding, under the totality of the circumstances, that the detention which led to Appellee's arrest for DWI was not supported by reasonable suspicion. A trial court's ruling on a motion to suppress is reviewed under a bifurcated standard. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex.Crim.App. 2000). The reviewing court gives almost total deference to the trial court's ruling on questions of historical fact and application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor. *Johnson v. State*, 68 S.W.3d 644, 652-53 (Tex.Crim.App. 2002). Questions of law, such as a trial court's determination of reasonable suspicion or probable cause, remain subject to *de novo* review. *State v. Garcia-Cantu*, 253 S.W.3d 236, 241 (Tex.Crim.App. 2008). When the trial court files findings of fact and conclusions of law that implicitly accept the State's version of events and find the detaining officer's testimony credible, the only question remaining for this Court is to determine whether the trial court properly applied the law to those facts. *See State v. Ballman*, 157 S.W.3d 65, 69 (Tex.App.--Fort Worth 2004, pet. ref'd). In this case, our

inquiry is focused on the trial court's determination that the temporary detention that led to Appellee's arrest was not supported by reasonable suspicion.

A law enforcement officer is justified in detaining a person for investigative purposes if the officer has a reasonable suspicion to believe the individual is violating the law. *Ford v. State*, 158 S.W.3d 488, 492 (Tex.Crim.App. 2005). Reasonable suspicion exists if, "the officer has specific, articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably conclude that a particular person actually is, has been, or soon will be engaged in criminal activity." *Castro v. State*, 227 S.W.3d 737, 741 (Tex.Crim.App. 2007). The officer's subjective belief or intent when initiating the detention is not to be considered when making a reasonable suspicion determination. *See Ford*, 158 S.W.3d at 492. Still, reasonable suspicion must be determined from the totality of the circumstances surrounding the detention, including the officer's training and experience, as well as situational factors such as the time of day the officer observed the actions that led to the detention. *See Curtis v. State*, 238 S.W.3d 376, 380-81 (Tex.Crim.App. 2007). In other words, while a person's actions viewed in a vacuum may appear innocent, those same actions viewed in the totality of the circumstances may give rise to reasonable suspicion. *Id*. at 380.

In this instance, the trial court's findings of fact identify the individual actions that preceded the detention, as articulated by Officer Davila. Although Appellee's actions, *i.e.*, weaving within the lane, braking erratically, and drifting toward another vehicle, may not have given rise to reasonable suspicion in isolation, when they are considered in the context of the time of night, the location, and Officer Davila's training and experience investigating DWI offenses, the same actions provided a reasonable basis for him to conclude Appellee was engaged

in criminal activity. *See Curtis*, S.W.3d at 380-81. The trial court's conclusion that reasonable suspicion was lacking, based on its limited view of the circumstances, was in error. Accordingly, the trial court abused its discretion by granting Appellee's motion to suppress. The State's issue is sustained.

Having sustained the State's sole issue, we reverse the trial court's order granting Appellee's motion to suppress and remand the case to the trial court for further proceedings.

March 30, 2011

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)