COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS






THE STATE OF TEXAS,

                            Appellant,

v.

VANESSA M. MENDOZA,

                            Appellee.

§
 
§
 
§
 
§
 
§
 
 §

 §


No. 08-09-00175-CR

Appeal from the

County Criminal Court at Law No. 1 

of El Paso County, Texas 

(TC# 2008OCO1360) 





O P I N I O N

            Vanessa Mendoza was charged by information with driving while intoxicated. She filed
a motion to suppress in which she argued that the traffic stop and detention that led to her arrest
were not supported by reasonable suspicion and were therefore illegal. The trial court granted
Appellee’s motion, and the State has appealed. In a single issue, the State contends the trial
court’s order constitutes an abuse of discretion because the record demonstrates the detaining
officer did have reasonable suspicion to pull over and investigate Appellee for DWI.
            During the motion to suppress hearing, the State called El Paso Police Department
Officer Enrique Davila, Jr. to testify regarding the events leading to Appellee’s arrest. Officer
Davila testified that on January 29, 2008, he was traveling southbound on Mesa Street in his
patrol car at approximately 2:28 a.m., when he noticed Appellee’s car on the road ahead of him. 
She appeared to be traveling at a high rate of speed. He testified; “I was going to attempt to pace
it, so I caught up to the vehicle ahead, started my video camera, the recorder, but apparently the
vehicle that I was behind saw it and slowed down. It was maintaining its speed below the posted
speed limit.” He further testified that as he approached the car, he saw its brake lights and knew
it slowed from its earlier speed. Officer Davila continued to monitor the car, and noticed it
weaving within the lane in which it was traveling. As they continued south, a third car appeared
on the road ahead of the officer and Appellee. Officer Davila testified that as they approached
the third car, Appellee’s car veered to the right in a way that made the officer think the two may
collide. He also witnessed the car braking erratically.
            Officer Davila then initiated a traffic stop, and after further investigation, he arrested
Appellee for DWI. He explained that as a police officer, he is trained that actions such as erratic
braking, speeding, wide turns, improper turns, and weaving within a lane are all indicators that a
driver may be intoxicated. He also noted that he encountered Appellee’s car at the hour of night
when bars are closing and people who have been drinking are driving home.
            At the State’s request, the trial court issued the following findings of fact and conclusions
of law:
FINDINGS OF FACT
 
1.On January 29th, 2008, Officer Enrique Davila observed [Appellee]
driving southbound around the 5500 or 5100 block of Mesa Street at about
2:28 a.m.
 
2.Officer Davila believed [Appellee] was going at a high rate of speed but
did not ascertain the vehicle’s speed by radar or by pacing the vehicle.
 
3.Officer Davila noticed [Appellant’s] vehicle weaving within its lane a few
times, [Appellee] was traveling on the far left lane of Mesa Street.
 
4.Officer Davila stated that [Appellee’s] car would continuously slow down
and brake. The video depicts Mesa Street as a roadway going downhill
with several curves.
 
5.When approaching the intersection of Executive Center Blvd. and Mesa
Street, Officer Davila felt that [Appellee’s] car was going to hit another
vehicle because it veered to the right. There was no testimony indicating
if [Appellee’s] car weaved out of her lane. There was no testimony about
the proximity of the other car. The video shows a vehicle about two to
three car lengths in front of [Appellee’s] vehicle traveling in the far right
lane.
 
6.Officer Davila testified that he stopped [Appellee] because she weaved
within a lane a few times, veered to the right and braked erratically.

CONCLUSIONS OF LAW
 
The Court finds that the facts of this case, (as seen on the video and the testimony
of Officer Davila) did not justify a stop of [Appellee’s] vehicle and do not provide
the police officer with sufficient reasonable suspicion to believe that [Appellee]
was intoxicated.

            In a single issue, the State argues the trial court abused its discretion by concluding, under
the totality of the circumstances, that the detention which led to Appellee’s arrest for DWI was
not supported by reasonable suspicion. A trial court’s ruling on a motion to suppress is reviewed
under a bifurcated standard. Carmouche v. State, 10 S.W.3d 323, 327 (Tex.Crim.App. 2000). 
The reviewing court gives almost total deference to the trial court’s ruling on questions of
historical fact and application-of-law-to-fact questions that turn on an evaluation of credibility
and demeanor. Johnson v. State, 68 S.W.3d 644, 652-53 (Tex.Crim.App. 2002). Questions of
law, such as a trial court’s determination of reasonable suspicion or probable cause, remain
subject to de novo review. State v. Garcia-Cantu, 253 S.W.3d 236, 241 (Tex.Crim.App. 2008). 
When the trial court files findings of fact and conclusions of law that implicitly accept the State’s
version of events and find the detaining officer’s testimony credible, the only question remaining
for this Court is to determine whether the trial court properly applied the law to those facts. See
State v. Ballman, 157 S.W.3d 65, 69 (Tex.App.--Fort Worth 2004, pet. ref’d). In this case, our
inquiry is focused on the trial court’s determination that the temporary detention that led to
Appellee’s arrest was not supported by reasonable suspicion.
            A law enforcement officer is justified in detaining a person for investigative purposes if
the officer has a reasonable suspicion to believe the individual is violating the law. Ford v. State,
158 S.W.3d 488, 492 (Tex.Crim.App. 2005). Reasonable suspicion exists if, “the officer has
specific, articulable facts that, when combined with rational inferences from those facts, would
lead him to reasonably conclude that a particular person actually is, has been, or soon will be
engaged in criminal activity.” Castro v. State, 227 S.W.3d 737, 741 (Tex.Crim.App. 2007). The
officer’s subjective belief or intent when initiating the detention is not to be considered when
making a reasonable suspicion determination. See Ford, 158 S.W.3d at 492. Still, reasonable
suspicion must be determined from the totality of the circumstances surrounding the detention,
including the officer’s training and experience, as well as situational factors such as the time of
day the officer observed the actions that led to the detention. See Curtis v. State, 238 S.W.3d
376, 380-81 (Tex.Crim.App. 2007). In other words, while a person’s actions viewed in a
vacuum may appear innocent, those same actions viewed in the totality of the circumstances may
give rise to reasonable suspicion. Id. at 380.
            In this instance, the trial court’s findings of fact identify the individual actions that
preceded the detention, as articulated by Officer Davila. Although Appellee’s actions, i.e.,
weaving within the lane, braking erratically, and drifting toward another vehicle, may not have
given rise to reasonable suspicion in isolation, when they are considered in the context of the
time of night, the location, and Officer Davila’s training and experience investigating DWI
offenses, the same actions provided a reasonable basis for him to conclude Appellee was engaged
in criminal activity. See Curtis, S.W.3d at 380-81. The trial court’s conclusion that reasonable
suspicion was lacking, based on its limited view of the circumstances, was in error. Accordingly,
the trial court abused its discretion by granting Appellee’s motion to suppress. The State’s issue
is sustained.
            Having sustained the State’s sole issue, we reverse the trial court’s order granting
Appellee’s motion to suppress and remand the case to the trial court for further proceedings.


March 30, 2011
DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)