

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ISAAC LEVI HARDEN, | § | |
| Appellant, | § | No. 08-13-00134-CR |
| v. | § | Appeal from the |
| THE STATE OF TEXAS, | § | 90th District Court |
| Appellee. | § | of Young County, Texas |
| | § | (TC #09959) |

**O P I N I O N**

This is an appeal from the denial of a motion to suppress. Appellant complains that the State lacked probable cause to conduct a warrantless search of his vehicle. For the reasons that follow, we affirm.

**FACTUAL SUMMARY**

Officer Wright, an experienced, certified peace officer, was assigned to criminal interdiction with the K-9 unit. On August 26, 2011, Wright received a call from a confidential informant from whom he had previously received reliable information. The informant advised Wright that Appellant was at a named address in a black Durango, and that he possessed "heavy weight" methamphetamine, meaning a large amount. Wright was aware that the residence was known for illegal drug-trafficking. Officer Wright drove to the address and observed Appellant sitting in the black Dodge Durango. Wright recognized the Dodge Durango and knew Appellant

by sight, having had prior dealings with him. Appellant was sitting in the passenger side seat with a female standing by the open passenger door. Wright called Officer Post, gave him the information from the informant, and asked Post to locate himself south of the residence and try to develop probable cause for a traffic stop if Appellant left.

Wright saw Appellant and the female leaving in the truck. Wright was located north of the residence near an intersection where there was a stop sign. He watched Appellant drive through the intersection without stopping at the stop sign. Wright activated his lights to stop Appellant. Appellant drove a short distance to a T-intersection, turned right and stopped. When Wright got out of his car and contacted Appellant, he appeared nervous and his hands were shaking. Appellant gave Wright his driver's license and insurance card. Because Wright knew Appellant was a flight risk based on past experiences, he had Appellant switch off the truck and remove the keys from the ignition.

Officer Post arrived and provided cover while Wright investigated the traffic stop. Post identified the female passenger, who was unknown to Wright. Post witnessed that Appellant gave Wright permission to search the Durango. After he had permission to search, Wright used his K-9 for an open-air sniff around the vehicle. When the hot pavement became painful for the K-9's feet, Wright put him back in the patrol car. When Wright opened the front passenger door and smelled unburnt marijuana inside the Durango, he put his K-9 inside the truck in order to pinpoint the odor's location. The K-9 alerted on the front passenger side floorboard, rather than the dash area where the informant had indicated. No drugs were found in the dash where the confidential informant said they would be. The officers eventually found drugs in a black bag, described by the informant, under the passenger side seat. The black bag contained three clear

plastic baggies with a white crystal substance inside, a bag that contained a leafy substance that smelled like marijuana, some pills, empty baggies, a syringe, a spoon, and a digital scale. The confidential informant had told Wright he would find a black bag that contained about an ounce of marijuana, which was accurate.

While Wright was searching the truck, Post saw Appellant drop a marijuana pipe on the ground and arrested him for possessing drug paraphernalia. The officers retrieved the marijuana pipe, which smelled like fresh-burnt marijuana. Appellant was not arrested until Post saw him in possession of the marijuana pipe he dropped.

On cross-examination, Officer Wright said that he knew Appellant drove the black Durango, and that he had talked to Appellant during a recent parade while he was driving the vehicle. Wright had left the address on Pecan before Appellant moved into the driver's seat. Wright initiated the traffic stop when he saw Appellant run the stop sign.

## ANALYSIS

We review a trial court's ruling on a motion to suppress under a bifurcated standard of review. *State v. Alderete*, 314 S.W.3d 469, 472 (Tex.App.--El Paso 2010, pet. ref'd), *citing St. George v. State*, 237 S.W.3d 720, 725 (Tex.Crim.App. 2007). The reviewing court does not engage in its own factual review since the trial judge is the sole trier of facts and judge of the credibility of the witnesses, and the weight to be given to their testimony. *Alderete*, 314 S.W.3d at 472, *citing Amador v. State*, 275 S.W.3d 872, 878 (Tex.Crim.App. 2009). We review *de novo* the application of legal principles to a specific set of facts, including the trial court's determination of reasonable suspicion and probable cause. *Alderete*, 314 S.W.3d at 472*, citing State v Garcia-Cantu*, 253 S.W.3d 236, 241 (Tex.Crim.App. 2008); *Guzman v. State*, 955 S.W.2d 85, 87

3

(Tex.Crim.App. 1997).

When the court files findings of fact and conclusions of law that virtually accept the credibility of the officers and the State's version of events, the only question before the reviewing court is whether the trial court properly applied the law to the facts it found. *See State v. Ballman*, 157 S.W.3d 65, 69 (Tex.App.--Fort Worth 2004, pet. ref'd). Where the court does not file findings of fact, the court examines the evidence most favorable to the trial court's ruling and assumes that the trial court made implicit findings of fact supported by the record. *See State v. Ross*, 32 S.W.3d 853, 855 (Tex.Crim.App. 2000). In this case, the trial court did not file findings of fact.

Defense counsel requested that the court make a finding of facts and conclusions of law. At the time of the ruling, the trial court stated it had found a causal connection between Appellant and the vehicle, based on previous witness observations of Appellant. The judge stated that the testimony conflicted on whether Appellant ran the stop sign, but that after considering the credibility of the witnesses, the judge believed the officer. Having decided that Appellant was legally stopped and detained by the traffic violation, the judge denied the motion.

Officer Wright testified that he stopped Appellant after he saw him violate the law by failing to stop at a stop sign. Wright was in uniform and in a marked police vehicle at the time. Appellant was not arrested until Officer Post saw him drop a marijuana pipe on the ground. The pipe smelled of fresh burnt marijuana. The officers searched the vehicle but did not find drugs under the dash or console where the informant thought they were located, but found a black bag he had described under the front passenger seat. The black bag contained drugs and paraphernalia the informant had indicated would be found. The officers developed probable cause to arrest

4

Appellant for possession of drug paraphernalia upon finding the pipe, and as a result searched the vehicle and located the black bag containing drugs under the passenger seat. Because the judge did not abuse his discretion in denying the motion, we affirm the judgment below.


ANN CRAWFORD McCLURE, Chief Justice

January 14, 2015

Before McClure, C.J., Rodriguez, J., and Barajas, C.J. (Senior Judge)
Barajas, C.J. (Senior Judge), sitting by assignment

(Do Not Publish)

5