GEORGE v. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

                                    
NOS. 2-04-275-CR

2-04-276-CR

GREGORY THOMAS GEORGE APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Gregory Thomas George appeals the trial court’s denial of his  motion to suppress.  Appellant was charged in two separate indictments with possession of the controlled substance hydrocodone and methamphetamine, respectively.  After the trial court denied Appellant’s motion to suppress, Appellant entered an open plea of guilty to both charges.  The trial court found Appellant guilty in both instances and sentenced him to eight years’ confinement for the possession of hydrocodone and eleven years’ confinement for the possession of methamphetamine, with the sentences to run concurrently. 

In two points, Appellant complains that the trial court erred in denying his motion to suppress evidence because the contraband was discovered incident to an unlawful arrest and because the evidence was the fruit of an unreasonable seizure and search conducted without probable cause.  We affirm.

BACKGROUND

On April 20, 2001, officers of the Hurst Police Department arrested Appellant.  The officers acted at the direction of Hurst Corporal Clint Younger, who was then assigned to the Tarrant County Narcotics Task Force.

An informant had advised Corporal Younger that Appellant, a man who drove a white van, was involved in narcotics activities and carried around a briefcase with methamphetamine and other drugs.  Based on this information, Corporal Younger set up surveillance on Appellant.  Corporal Younger observed Appellant exit a residence and get into a white van as described by the informant.  Corporal Younger followed Appellant for approximately five blocks until he observed Appellant failing to come to a complete stop before turning right at a red light in the City of Hurst.  At that point, Corporal Younger radioed marked patrol units of the Hurst Police Department and asked them to conduct a traffic stop based on the traffic violation he had observed.

Corporal Younger followed Appellant as he continuously updated the marked patrol units regarding Appellant’s location.  Sergeant Schwobel of the Hurst Police Department confirmed with Corporal Younger that he was following the correct vehicle and then Sergeant Schwobel stopped Appellant. Sergeant Schwobel did not personally observe Appellant’s failure to come to a complete stop at the red light.  Appellant was in Hurst when he committed the traffic violation, but he traveled approximately two and a half miles before Sergeant Schwobel had the opportunity to stop Appellant’s vehicle.  At the time of the traffic stop, Appellant was in Fort Worth, Tarrant County, Texas, and Fort Worth officers did not participate in the traffic stop.

A total of three officers arrived at the scene, placed Appellant under  arrest for the red light violation, and recovered contraband following a search of the vehicle incident to the arrest.  Corporal Younger testified that he was approximately one hundred yards from Appellant’s vehicle during the traffic stop and that at no time did he actually participate in the traffic stop.  After officers arrested Appellant and transported him from the scene, Corporal Younger assisted the officers in organizing the contraband that the officers recovered from Appellant’s van.

STANDARD OF REVIEW

  
 
We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review.  
Carmouche v. State
, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); 
Guzman v. State,
 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  In reviewing the trial court's decision, we do not engage in our own factual review.  
Romero v. State,
 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); 
Best v. State,
 118 S.W.3d 857, 861 (Tex. App.—Fort Worth 2003, no pet.).  The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. 
 State v. Ross,
 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); 
State v. Ballard, 
987 S.W.2d 889, 891 (Tex. Crim. App. 1999). 
 Therefore, we give almost total deference to the trial court's rulings on (1) questions of historical fact and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor. 
 Johnson v. State,
 68 S.W.3d 644, 652-53 (Tex. Crim. App. 2002);
 
State v. Ballman, 
157 S.W.3d 65, 68 (Tex. App.—Fort Worth 2005, pet. ref’d)
; Harrison v. State, 
144 S.W.3d 82, 85 (Tex. App.—Fort Worth 2004, pet. granted)
; Best,
 118 S.W.3d at 861-62.  However, when the trial court’s rulings do not turn on the credibility and demeanor of the witnesses, we review de novo a trial court's rulings on mixed questions of law and fact.  
Johnson,
 68 S.W.3d at 652-53. 

HOT PURSUIT

In his first point, Appellant complains that the trial court erred in denying his motion to suppress because the contraband was discovered incident to an unlawful arrest.  Appellant does not challenge the fact that the search was conducted incident to an arrest, but he does challenge the lawfulness of the arrest.  Appellant maintains that the arrest was unlawfully made because it was outside the arresting police officers’ jurisdiction and was not made in a hot pursuit situation.  Appellant contends that the stop was not made in hot pursuit because he did not attempt to flee and he stopped his vehicle soon after officers turned on their lights and sirens to stop him.  The State contends that the arrest was lawful because Corporal Younger was in pursuit of Appellant while within Hurst city limits, and the uninterrupted attempt by Corporal Younger and other officers to stop Appellant’s vehicle constituted a pursuit within the meaning of “hot pursuit.”

A police officer may arrest a person outside the officer’s jurisdiction when  the pursuit began within the officer’s geographical boundary and the pursuit was “lawfully initiated on the grounds of suspicion.”  
Yeager v. State
, 104 S.W.3d 103, 106-107 (Tex. Crim. App. 2003).  Additionally, the hot pursuit doctrine does not necessarily require some element of a chase, although often it will.  
Id.
 at 106.  Therefore, the relevant consideration is whether the initial pursuit was lawfully initiated.  
Id.
 at 107.  An officer may arrest a person without a warrant for any offense committed in his presence or within his view.  
Tex. Code Crim. Proc. Ann.
 art. 14.01(b) (Vernon 2005). 

In the present case, Corporal Younger witnessed Appellant’s failure to come to a complete stop before turning right at a red light.  Corporal Younger followed Appellant from the location where he observed the traffic violation, and throughout his pursuit of Appellant, Corporal Younger updated uniformed officers of Appellant’s location.  We hold that the continued pursuit of Appellant constituted hot pursuit within the meaning of 
Yeager
, even absent evidence that Appellant was attempting to flee because the hot pursuit doctrine does not necessarily require an element of chase.  
See Yeager
, 104 S.W.3d at 106-07.  Therefore, we hold that the trial court did not err in denying Appellant’s motion to suppress.  We overrule Appellant’s first point.

PARTICIPATION IN ARREST

In his second point, Appellant contends that the trial court erred in denying his motion to suppress because the evidence was the fruit of an unreasonable search and seizure conducted without probable cause.  Appellant contends that because Corporal Younger, who witnessed the traffic offense, did not participate in the arresting of Appellant, the arrest was invalid.  The State maintains that the actions of Corporal Younger constitute sufficient participation in the arrest of Appellant, and therefore, the search incident to Appellant’s arrest was lawfully conducted. 

In Texas, a peace officer's authority to make a warrantless arrest is controlled exclusively by statute. 
Fry v. State
, 639 S.W.2d 463, 465 (Tex. Crim. App. [Panel Op.] 1982), 
cert. denied
, 460 U.S. 1039 (1983).  Statutory warrantless arrests stand as exceptions to the general rule that an officer must obtain a warrant prior to an arrest. 
 Id. 
Texas Code of Criminal Procedure article 14.01 provides an exception to the rule, but its conditions must be complied with to result in a lawful arrest.  
See 
Tex. Code Crim. Proc. Ann.
 art. 14.01 (Vernon 2005).  Article 14.01(b) states that “[a] peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view.”  
Id. 
14.01(b). 

A peace officer who does not himself possess probable cause to make a warrantless arrest may act on information relayed to him by other officers to effect a lawful arrest.  
Pyles v. State
, 755 S.W.2d 98, 109 (Tex. Crim. App.),
 cert. denied
, 488 U.S. 986 (1988). 
 Therefore, an officer may rely on others in determining that probable cause exists, and may in some instances rely on other officers in making the actual arrest. 
 Astran v. State
, 799 S.W.2d 761, 764 (Tex. Crim. App. 1990).  As long as the facts show that the viewing officer effectively participated in the arrest and was fully aware of the circumstances of the arrest, article 14.01 is satisfied. 
 Id.

In 
Astran
, the court of criminal appeals determined that an undercover officer sufficiently participated in the arrest where the officer did not personally see the arrest, but parked two blocks away from the scene of the arrest and maintained radio contact with the arresting officers during the arrest.  The court of criminal appeals determined in 
Armendariz v. State
 that an undercover officer sufficiently participated in the arrest when the officer observed a traffic violation and radioed other officers to effect the stop, remained in continuous radio contact with the arresting officers, and arrived at the scene a few minutes after the stop.  123 S.W.3d 401, 405 (Tex. Crim. App. 2003), 
cert. denied
, 541 U.S. 974 (2004).

Appellant contends that 
Armendariz 
is distinguishable from the case at bar because the record contains no evidence that the officers remained in continuous radio contact and because Corporal Younger testified that he did not attend the scene of the arrest and did not approach or personally deal with Appellant.  The record does reflect that Corporal Younger  maintained a safe distance from the scene to ensure that he did not compromise his undercover status, but he observed the officers making the stop through his binoculars. Though the facts of the present case differ from those facts in 
Armendariz
, they do not establish that Corporal Younger failed to sufficiently participate in Appellant’s arrest simply because there is no evidence that Corporal Younger maintained radio contact with the arresting officers throughout the traffic stop.

The record reflects that Corporal Younger personally witnessed Appellant commit the traffic offense.  Corporal Younger followed Appellant and radioed for marked patrol units to assist in Appellant’s arrest in order to avoid compromising his undercover status.  Though the marked units were not staged to assist Corporal Younger, the marked units were in the area.  Corporal Younger continued to follow Appellant and continuously updated the marked patrol units of Appellant’s location.  Corporal Younger confirmed with Sergeant Schwobel that Sergeant Schwobel was behind the vehicle in question, and he requested that Sergeant Schwobel stop the vehicle based on probable cause for his failure to come to a complete stop before turning right at the red light.

Corporal Younger testified that at the location of the traffic stop, he remained a distance of approximately one hundred yards away, but he personally observed the officers confronting Appellant through the use of binoculars.  Although Corporal Younger testified that he did not ever approach and deal with Appellant himself, his testimony reflects that he was fully aware of the circumstances of the arrest.  Corporal Younger remained in his observation position until Appellant was transported away from the scene. 

Based on these facts, we hold that the trial court could have reasonably  concluded that Corporal Younger’s participation in and awareness of the circumstances of Appellant’s arrest made him just as much a participant in the arrest as if he had stopped and seized Appellant himself.  Therefore, we hold that the trial court did not err in denying Appellant’s motion to suppress.  We overrule Appellant’s second point. 

CONCLUSION

Having overruled Appellant’s two points, we affirm the trial court’s judgment.

PER CURIAM

PANEL A:  HOLMAN, LIVINGSTON, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  November 10, 2005

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.