COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                    NOS. 2-04-275-CR

                                           2-04-276-CR

 

 

GREGORY THOMAS GEORGE                                                APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant Gregory Thomas
George appeals the trial court=s denial of his  motion to
suppress.  Appellant was charged in two
separate indictments with possession of the controlled substance hydrocodone
and methamphetamine, respectively.  After
the trial court denied Appellant=s motion to suppress, Appellant entered an open plea of guilty to both
charges.  The trial court found Appellant
guilty in both instances and sentenced him to eight years= confinement for the possession of hydrocodone and eleven years= confinement for the possession of methamphetamine, with the sentences
to run concurrently. 

In two points, Appellant
complains that the trial court erred in denying his motion to suppress evidence
because the contraband was discovered incident to an unlawful arrest and
because the evidence was the fruit of an unreasonable seizure and search
conducted without probable cause.  We
affirm.

BACKGROUND

On April 20, 2001, officers
of the Hurst Police Department arrested Appellant.  The officers acted at the direction of Hurst
Corporal Clint Younger, who was then assigned to the Tarrant County Narcotics
Task Force.








An informant had advised
Corporal Younger that Appellant, a man who drove a white van, was involved in
narcotics activities and carried around a briefcase with methamphetamine and
other drugs.  Based on this information,
Corporal Younger set up surveillance on Appellant.  Corporal Younger observed Appellant exit a
residence and get into a white van as described by the informant.  Corporal Younger followed Appellant for
approximately five blocks until he observed Appellant failing to come to a
complete stop before turning right at a red light in the City of Hurst.  At that point, Corporal Younger radioed
marked patrol units of the Hurst Police Department and asked them to conduct a
traffic stop based on the traffic violation he had observed.

Corporal Younger followed
Appellant as he continuously updated the marked patrol units regarding
Appellant=s
location.  Sergeant Schwobel of the Hurst
Police Department confirmed with Corporal Younger that he was following the
correct vehicle and then Sergeant Schwobel stopped Appellant. Sergeant Schwobel
did not personally observe Appellant=s failure to come to a complete stop at the red light.  Appellant was in Hurst when he committed the
traffic violation, but he traveled approximately two and a half miles before
Sergeant Schwobel had the opportunity to stop Appellant=s vehicle.  At the time of the
traffic stop, Appellant was in Fort Worth, Tarrant County, Texas, and Fort
Worth officers did not participate in the traffic stop.

A total of three officers
arrived at the scene, placed Appellant under 
arrest for the red light violation, and recovered contraband following a
search of the vehicle incident to the arrest. 
Corporal Younger testified that he was approximately one hundred yards
from Appellant=s vehicle
during the traffic stop and that at no time did he actually participate in the
traffic stop.  After officers arrested
Appellant and transported him from the scene, Corporal Younger assisted the
officers in organizing the contraband that the officers recovered from
Appellant=s van.








STANDARD OF REVIEW

         We review a
trial court's ruling on a motion to suppress evidence under a bifurcated
standard of review.  Carmouche v.
State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); Guzman v. State,
955 S.W.2d 85, 89 (Tex. Crim. App. 1997). 
In reviewing the trial court's decision, we do not engage in our own
factual review.  Romero v. State,
800 S.W.2d 539, 543 (Tex. Crim. App. 1990); Best v. State, 118 S.W.3d
857, 861 (Tex. App.CFort Worth
2003, no pet.).  The trial judge is the sole
trier of fact and judge of the credibility of the witnesses and the weight to
be given their testimony.  State v.
Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); State v. Ballard, 987
S.W.2d 889, 891 (Tex. Crim. App. 1999). 
Therefore, we give almost total deference to the trial court's rulings
on (1) questions of historical fact and (2) application-of-law-to-fact
questions that turn on an evaluation of credibility and demeanor.  Johnson v. State, 68 S.W.3d 644, 652-53
(Tex. Crim. App. 2002); State v. Ballman, 157 S.W.3d 65, 68 (Tex. App.CFort Worth 2005, pet. ref=d); Harrison v. State, 144 S.W.3d 82, 85 (Tex. App.CFort Worth 2004, pet. granted); Best, 118 S.W.3d at
861-62.  However, when the trial court=s rulings do not turn on the credibility and demeanor of the
witnesses, we review de novo a trial court's rulings on mixed questions of law
and fact.  Johnson, 68 S.W.3d at
652-53. 








HOT PURSUIT

In his first point, Appellant
complains that the trial court erred in denying his motion to suppress because
the contraband was discovered incident to an unlawful arrest.  Appellant does not challenge the fact that
the search was conducted incident to an arrest, but he does challenge the
lawfulness of the arrest.  Appellant
maintains that the arrest was unlawfully made because it was outside the
arresting police officers=
jurisdiction and was not made in a hot pursuit situation.  Appellant contends that the stop was not made
in hot pursuit because he did not attempt to flee and he stopped his vehicle
soon after officers turned on their lights and sirens to stop him.  The State contends that the arrest was lawful
because Corporal Younger was in pursuit of Appellant while within Hurst city
limits, and the uninterrupted attempt by Corporal Younger and other officers to
stop Appellant=s vehicle
constituted a pursuit within the meaning of Ahot pursuit.@








A police officer may arrest a
person outside the officer=s jurisdiction when  the pursuit
began within the officer=s
geographical boundary and the pursuit was Alawfully initiated on the grounds of suspicion.@  Yeager v. State, 104
S.W.3d 103, 106-107 (Tex. Crim. App. 2003). 
Additionally, the hot pursuit doctrine does not necessarily require some
element of a chase, although often it will. 
Id. at 106.  Therefore, the
relevant consideration is whether the initial pursuit was lawfully
initiated.  Id. at 107.  An officer may arrest a person without a
warrant for any offense committed in his presence or within his view.  Tex.
Code Crim. Proc. Ann. art. 14.01(b) (Vernon 2005). 

In the present case, Corporal
Younger witnessed Appellant=s failure to come to a complete stop before turning right at a red
light.  Corporal Younger followed
Appellant from the location where he observed the traffic violation, and
throughout his pursuit of Appellant, Corporal Younger updated uniformed
officers of Appellant=s
location.  We hold that the continued
pursuit of Appellant constituted hot pursuit within the meaning of Yeager,
even absent evidence that Appellant was attempting to flee because the hot
pursuit doctrine does not necessarily require an element of chase.  See Yeager, 104 S.W.3d at 106-07.  Therefore, we hold that the trial court did
not err in denying Appellant=s motion to suppress.  We
overrule Appellant=s first
point.

PARTICIPATION IN ARREST








In his second point,
Appellant contends that the trial court erred in denying his motion to suppress
because the evidence was the fruit of an unreasonable search and seizure
conducted without probable cause. 
Appellant contends that because Corporal Younger, who witnessed the
traffic offense, did not participate in the arresting of Appellant, the arrest
was invalid.  The State maintains that
the actions of Corporal Younger constitute sufficient participation in the
arrest of Appellant, and therefore, the search incident to Appellant=s arrest was lawfully conducted. 

In Texas, a peace officer's
authority to make a warrantless arrest is controlled exclusively by statute. Fry
v. State, 639 S.W.2d 463, 465 (Tex. Crim. App. [Panel Op.] 1982), cert.
denied, 460 U.S. 1039 (1983). 
Statutory warrantless arrests stand as exceptions to the general rule
that an officer must obtain a warrant prior to an arrest.  Id. Texas Code of Criminal Procedure
article 14.01 provides an exception to the rule, but its conditions must be
complied with to result in a lawful arrest. 
See Tex. Code Crim. Proc.
Ann. art. 14.01 (Vernon 2005). 
Article 14.01(b) states that A[a] peace officer may arrest an offender without a warrant for any
offense committed in his presence or within his view.@  Id. 14.01(b). 








A peace officer who does not
himself possess probable cause to make a warrantless arrest may act on
information relayed to him by other officers to effect a lawful arrest.  Pyles v. State, 755 S.W.2d 98, 109
(Tex. Crim. App.), cert. denied, 488 U.S. 986 (1988).  Therefore, an officer may rely on others in
determining that probable cause exists, and may in some instances rely on other
officers in making the actual arrest.  Astran v. State, 799 S.W.2d 761, 764 (Tex.
Crim. App. 1990).  As long as the facts
show that the viewing officer effectively participated in the arrest and was
fully aware of the circumstances of the arrest, article 14.01 is satisfied.  Id.

In Astran, the court
of criminal appeals determined that an undercover officer sufficiently
participated in the arrest where the officer did not personally see the arrest,
but parked two blocks away from the scene of the arrest and maintained radio
contact with the arresting officers during the arrest.  The court of criminal appeals determined in Armendariz
v. State that an undercover officer sufficiently participated in the arrest
when the officer observed a traffic violation and radioed other officers to
effect the stop, remained in continuous radio contact with the arresting
officers, and arrived at the scene a few minutes after the stop.  123 S.W.3d 401, 405 (Tex. Crim. App. 2003), cert.
denied, 541 U.S. 974 (2004).








Appellant contends that Armendariz
is distinguishable from the case at bar because the record contains no
evidence that the officers remained in continuous radio contact and because
Corporal Younger testified that he did not attend the scene of the arrest and
did not approach or personally deal with Appellant.  The record does reflect that Corporal
Younger  maintained a safe distance from
the scene to ensure that he did not compromise his undercover status, but he
observed the officers making the stop through his binoculars. Though the facts
of the present case differ from those facts in Armendariz, they do not
establish that Corporal Younger failed to sufficiently participate in Appellant=s arrest simply because there is no evidence that Corporal Younger
maintained radio contact with the arresting officers throughout the traffic
stop.

The record reflects that
Corporal Younger personally witnessed Appellant commit the traffic
offense.  Corporal Younger followed
Appellant and radioed for marked patrol units to assist in Appellant=s arrest in order to avoid compromising his undercover status.  Though the marked units were not staged to
assist Corporal Younger, the marked units were in the area.  Corporal Younger continued to follow
Appellant and continuously updated the marked patrol units of Appellant=s location.  Corporal Younger
confirmed with Sergeant Schwobel that Sergeant Schwobel was behind the vehicle
in question, and he requested that Sergeant Schwobel stop the vehicle based on
probable cause for his failure to come to a complete stop before turning right
at the red light.

Corporal Younger testified
that at the location of the traffic stop, he remained a distance of
approximately one hundred yards away, but he personally observed the officers
confronting Appellant through the use of binoculars.  Although Corporal Younger testified that he
did not ever approach and deal with Appellant himself, his testimony reflects
that he was fully aware of the circumstances of the arrest.  Corporal Younger remained in his observation
position until Appellant was transported away from the scene. 








Based on these facts, we hold
that the trial court could have reasonably 
concluded that Corporal Younger=s participation in and awareness of the circumstances of Appellant=s arrest made him just as much a participant in the arrest as if he
had stopped and seized Appellant himself. 
Therefore, we hold that the trial court did not err in denying Appellant=s motion to suppress.  We
overrule Appellant=s second
point. 

CONCLUSION

Having overruled Appellant=s two points, we affirm the trial court=s judgment.

PER CURIAM

PANEL
A:  HOLMAN, LIVINGSTON, and GARDNER, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  November 10, 2005











[1]See Tex. R. App. P. 47.4.