GEORGE v. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

                                    
NO. 2-04-274-CR

GREGORY THOMAS GEORGE APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Gregory Thomas George appeals the trial court’s denial of his  motion to suppress.  After the trial court denied his motion to suppress, Appellant entered an open plea of guilty to count one of the indictment charging him with possession of methamphetamine with intent to deliver, four grams or more, but less than two hundred grams.  The trial court found Appellant guilty and sentenced him to eleven years’ confinement.  In a single point, Appellant complains that the trial court erred in denying his motion to suppress because his Fourth Amendment right to be free from unreasonable searches and seizures was violated when his vehicle was searched without probable cause or a warrant.  We affirm.

BACKGROUND

On January 5, 1999, Corporal Mark Portman of the Euless Police Department stopped a blue Toyota pickup for an expired inspection sticker and expired registration.  Appellant, the driver of the vehicle, pulled into a warehouse facility prior to Corporal Portman making contact with him. 

Following a warrant check on Appellant’s driver’s license that revealed an outstanding warrant from Lewisville, Corporal Portman confirmed with the police dispatcher that the arrest warrant was still outstanding.  Corporal Portman issued Appellant tickets for the inspection sticker and registration violations and placed Appellant under arrest for the outstanding Lewisville warrant.  Subsequently, Corporal Portman and another officer searched Appellant’s vehicle.  They found a plastic bag containing a white, powdery substance, a large quantity of plastic bags of differing sizes, and an electronic scale, among other items.  The substance tested positive for methamphetamine and had a gross weight of 24.1 grams.

At the hearing on Appellant’s motion to suppress, Appellant testified that the warrant from Lewisville was based upon a ticket he received in Lewisville.  Appellant testified that he had been to court in Lewisville and had paid a cash bond of $286.00 in order to get out of jail on the charge.  Ultimately, the Lewisville court fined Appellant $230.00 based on the speeding violation, and Appellant testified that his understanding was that the Lewisville court would refund him the difference between the bond and the fine imposed.  According to Appellant, without informing him, the City of Lewisville then issued a check refunding the entire amount of the bond to Appellant, but retained the check and issued a warrant for Appellant’s arrest because he had not paid the fine imposed.

Appellant further denied having knowledge that Corporal Portman was following him, stating that he first became aware of the officer’s presence after he got out of the car at the warehouse facility.  He further testified that he locked his vehicle when he got out, which he stated that he always does.  Appellant testified that the officers handcuffed him, put him in the patrol car, and then used his keys to enter his locked vehicle to conduct the search. At the hearing, Corporal Portman testified that he could not recall when Appellant had stepped out of the vehicle or whether the vehicle was locked prior to the search.  Appellant acknowledged that the contraband found in the vehicle was his.

DISCUSSION

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review.  
Carmouche v. State
, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); 
Guzman v. State,
 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  In reviewing the trial court's decision, we do not engage in our own factual review.  
Romero v. State,
 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); 
Best v. State,
 118 S.W.3d 857, 861 (Tex. App.—Fort Worth 2003, no pet.).  The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. 
 State v. Ross,
 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); 
State v. Ballard, 
987 S.W.2d 889, 891 (Tex. Crim. App. 1999). 
 Therefore, we give almost total deference to the trial court's rulings on (1) questions of historical fact and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor. 
 Johnson v. State,
 68 S.W.3d 644, 652-53 (Tex. Crim. App. 2002);
 
State v. Ballman, 
157 S.W.3d 65, 68 (Tex. App.—Fort Worth 2005, pet. ref’d)
; Harrison v. State, 
144 S.W.3d 82, 85 (Tex. App.—Fort Worth 2004, pet. granted)
; Best,
 118 S.W.3d at 861-62.

Appellant complains that the trial court erred in denying his motion to suppress because his Fourth Amendment right to be free from unreasonable searches and seizures was violated when his vehicle was searched without probable cause or a warrant.  Appellant argues that he was not an occupant or recent occupant of the vehicle, and thus, Corporal Portman had no authority to search the vehicle incident to Appellant’s arrest.  The State asserts that Appellant’s arguments at the motion to suppress hearing do not comport with his arguments on appeal; therefore, Appellant has waived the complaint.

Texas Rule of Appellate Procedure 33.1 provides that as a prerequisite to presenting a complaint for appellate review, the record must show a timely, specific objection and a ruling by the trial court. Tex. R. App. P. 33.1(a); 
Neal v. State
, 150 S.W.3d 169, 175 (Tex. Crim. App. 2004).  The court of criminal appeals has noted that “it violates ‘ordinary notions of procedural default’ for a Court of Appeals to reverse a trial court's decision on a legal theory not presented to the trial court by the complaining party.” 
 Hailey v. State
, 87 S.W.3d 118, 122 (Tex. Crim. App. 2002).

The State asserts that Appellant failed to preserve error for our review because Appellant clearly directed his argument toward the propriety of the arrest warrant, rather than asserting before the trial court the issue of whether the search was properly conducted incident to Appellant’s arrest.  The record contains Appellant’s testimony that he was not inside the vehicle when he was arrested, and Appellant argued in the trial court that the search was not conducted incident to Appellant’s arrest.  Therefore, we hold that Appellant did present the argument to the trial court that the search was not legally conducted incident to Appellant’s arrest.  Consequently, he preserved this issue for appeal.

Appellant contends that the arresting officer had no authority to search his vehicle because he was not an occupant or recent occupant of the vehicle.  In 
New York v. Belton
, 453 U.S. 454, 460, 101 S. Ct. 2860, 2864 (1981), the United States Supreme Court extended the exceptions to the Fourth Amendment proscription of warrantless searches to allow a police officer who has made a lawful custodial arrest of an occupant of an automobile to search the passenger compartment of that automobile, as a contemporaneous incident of that arrest.  This proposition was extended to include recent occupants of vehicles as well as occupants and governs even when the police officer does not make contact until the person arrested has exited the vehicle.  
Thornton v. United States
, 541 U.S. 615, 124 S. Ct. 2127, 2131-32 (2004).  Whether a person is an occupant or a recent occupant of a vehicle depends upon his temporal and spatial proximity to the vehicle.  
Id. 

The record indicates that Appellant was the driver and sole occupant of the vehicle.  Appellant acknowledged that he had been driving the vehicle. Corporal Portman testified that he believed that Appellant pulled into the storage facility to find a good place to pull over rather than stopping on the side of the road, which he did not believe was an attempt to evade the traffic stop. 

Appellant testified that he first became aware that a police officer was following him when he exited and locked his vehicle to go into the office of the warehouse facility.  Corporal Portman testified that he could not remember when Appellant got out of the vehicle.  Though Appellant testified that he was approximately one hundred feet from the office of the warehouse facility, neither Appellant nor the State presented evidence regarding Appellant’s spatial proximity to his vehicle. 

In a motion to suppress hearing, the trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given to the testimony. 
 Ross
, 32 S.W.3d at 855.  Deferring, as we must, to the trial court's credibility determinations and to the historical facts impliedly found by the trial court when it denied Appellant's motion to suppress, we hold that it was within the trial court’s discretion to believe that Appellant was an occupant or recent occupant of the vehicle.  Therefore, we hold that the trial court did not err in denying Appellant’s motion to suppress.  We overrule Appellant’s sole point.

CONCLUSION

Having overruled Appellant’s sole point, we affirm the trial court’s judgment.

PER CURIAM

PANEL A:  HOLMAN, LIVINGSTON, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  November 10, 2005

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.