COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                    NO. 2-04-274-CR

 

 

GREGORY THOMAS GEORGE                                                APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant Gregory Thomas
George appeals the trial court=s denial of his  motion to
suppress.  After the trial court denied
his motion to suppress, Appellant entered an open plea of guilty to count one
of the indictment charging him with possession of methamphetamine with intent
to deliver, four grams or more, but less than two hundred grams.  The trial court found Appellant guilty and
sentenced him to eleven years= confinement.  In a single
point, Appellant complains that the trial court erred in denying his motion to
suppress because his Fourth Amendment right to be free from unreasonable
searches and seizures was violated when his vehicle was searched without
probable cause or a warrant.  We affirm.

BACKGROUND

On January 5, 1999, Corporal
Mark Portman of the Euless Police Department stopped a blue Toyota pickup for
an expired inspection sticker and expired registration.  Appellant, the driver of the vehicle, pulled
into a warehouse facility prior to Corporal Portman making contact with him. 

Following a warrant check on
Appellant=s driver=s license that revealed an outstanding warrant from Lewisville,
Corporal Portman confirmed with the police dispatcher that the arrest warrant
was still outstanding.  Corporal Portman
issued Appellant tickets for the inspection sticker and registration violations
and placed Appellant under arrest for the outstanding Lewisville warrant.  Subsequently, Corporal Portman and another
officer searched Appellant=s vehicle.  They found a plastic
bag containing a white, powdery substance, a large quantity of plastic bags of
differing sizes, and an electronic scale, among other items.  The substance tested positive for
methamphetamine and had a gross weight of 24.1 grams.








At the hearing on Appellant=s motion to suppress, Appellant testified that the warrant from
Lewisville was based upon a ticket he received in Lewisville.  Appellant testified that he had been to court
in Lewisville and had paid a cash bond of $286.00 in order to get out of jail
on the charge.  Ultimately, the
Lewisville court fined Appellant $230.00 based on the speeding violation, and
Appellant testified that his understanding was that the Lewisville court would
refund him the difference between the bond and the fine imposed.  According to Appellant, without informing
him, the City of Lewisville then issued a check refunding the entire amount of
the bond to Appellant, but retained the check and issued a warrant for
Appellant=s arrest
because he had not paid the fine imposed.








Appellant further denied
having knowledge that Corporal Portman was following him, stating that he first
became aware of the officer=s presence after he got out of the car at the warehouse facility.  He further testified that he locked his
vehicle when he got out, which he stated that he always does.  Appellant testified that the officers
handcuffed him, put him in the patrol car, and then used his keys to enter his
locked vehicle to conduct the search. At the hearing, Corporal Portman
testified that he could not recall when Appellant had stepped out of the
vehicle or whether the vehicle was locked prior to the search.  Appellant acknowledged that the contraband
found in the vehicle was his.

DISCUSSION

We review a trial court's
ruling on a motion to suppress evidence under a bifurcated standard of
review.  Carmouche v. State, 10
S.W.3d 323, 327 (Tex. Crim. App. 2000); Guzman v. State, 955 S.W.2d 85,
89 (Tex. Crim. App. 1997).  In reviewing
the trial court's decision, we do not engage in our own factual review.  Romero v. State, 800 S.W.2d 539, 543
(Tex. Crim. App. 1990); Best v. State, 118 S.W.3d 857, 861 (Tex. App.CFort Worth 2003, no pet.).  The
trial judge is the sole trier of fact and judge of the credibility of the
witnesses and the weight to be given their testimony.  State v. Ross, 32 S.W.3d 853, 855 (Tex.
Crim. App. 2000); State v. Ballard, 987 S.W.2d 889, 891 (Tex. Crim. App.
1999).  Therefore, we give almost total
deference to the trial court's rulings on (1) questions of historical fact and
(2) application-of-law-to-fact questions that turn on an evaluation of
credibility and demeanor.  Johnson v.
State, 68 S.W.3d 644, 652-53 (Tex. Crim. App. 2002); State v. Ballman, 157
S.W.3d 65, 68 (Tex. App.CFort Worth
2005, pet. ref=d);
Harrison v. State, 144 S.W.3d 82, 85 (Tex. App.CFort Worth 2004, pet. granted); Best, 118 S.W.3d at 861-62.








Appellant complains that the
trial court erred in denying his motion to suppress because his Fourth
Amendment right to be free from unreasonable searches and seizures was violated
when his vehicle was searched without probable cause or a warrant.  Appellant argues that he was not an occupant
or recent occupant of the vehicle, and thus, Corporal Portman had no authority
to search the vehicle incident to Appellant=s arrest.  The State asserts
that Appellant=s arguments
at the motion to suppress hearing do not comport with his arguments on appeal;
therefore, Appellant has waived the complaint.

Texas Rule of Appellate
Procedure 33.1 provides that as a prerequisite to presenting a complaint for
appellate review, the record must show a timely, specific objection and a
ruling by the trial court. Tex. R. App. P. 33.1(a); Neal v. State, 150
S.W.3d 169, 175 (Tex. Crim. App. 2004). 
The court of criminal appeals has noted that Ait violates >ordinary
notions of procedural default= for a Court of Appeals to reverse a trial court's decision on a legal
theory not presented to the trial court by the complaining party.@  Hailey v. State, 87
S.W.3d 118, 122 (Tex. Crim. App. 2002).








The State asserts that
Appellant failed to preserve error for our review because Appellant clearly
directed his argument toward the propriety of the arrest warrant, rather than
asserting before the trial court the issue of whether the search was properly
conducted incident to Appellant=s arrest.  The record contains
Appellant=s testimony
that he was not inside the vehicle when he was arrested, and Appellant argued
in the trial court that the search was not conducted incident to Appellant=s arrest.  Therefore, we hold
that Appellant did present the argument to the trial court that the search was
not legally conducted incident to Appellant=s arrest.  Consequently, he
preserved this issue for appeal.

Appellant contends that the
arresting officer had no authority to search his vehicle because he was not an
occupant or recent occupant of the vehicle. 
In New York v. Belton, 453 U.S. 454, 460, 101 S. Ct. 2860, 2864
(1981), the United States Supreme Court extended the exceptions to the Fourth
Amendment proscription of warrantless searches to allow a police officer who
has made a lawful custodial arrest of an occupant of an automobile to search
the passenger compartment of that automobile, as a contemporaneous incident of
that arrest.  This proposition was
extended to include recent occupants of vehicles as well as occupants and
governs even when the police officer does not make contact until the person
arrested has exited the vehicle.  Thornton
v. United States, 541 U.S. 615, 124 S. Ct. 2127, 2131-32 (2004).  Whether a person is an occupant or a recent
occupant of a vehicle depends upon his temporal and spatial proximity to the
vehicle.  Id. 








The record indicates that
Appellant was the driver and sole occupant of the vehicle.  Appellant acknowledged that he had been
driving the vehicle. Corporal Portman testified that he believed that Appellant
pulled into the storage facility to find a good place to pull over rather than
stopping on the side of the road, which he did not believe was an attempt to
evade the traffic stop. 

Appellant testified that he
first became aware that a police officer was following him when he exited and
locked his vehicle to go into the office of the warehouse facility.  Corporal Portman testified that he could not
remember when Appellant got out of the vehicle. 
Though Appellant testified that he was approximately one hundred feet
from the office of the warehouse facility, neither Appellant nor the State
presented evidence regarding Appellant=s spatial proximity to his vehicle. 

In a motion to suppress
hearing, the trial judge is the sole trier of fact and judge of the credibility
of the witnesses and the weight to be given to the testimony.  Ross, 32 S.W.3d at 855.  Deferring, as we must, to the trial court's
credibility determinations and to the historical facts impliedly found by the
trial court when it denied Appellant's motion to suppress, we hold that it was
within the trial court=s discretion
to believe that Appellant was an occupant or recent occupant of the
vehicle.  Therefore, we hold that the
trial court did not err in denying Appellant=s motion to suppress.  We
overrule Appellant=s sole
point.








CONCLUSION

Having overruled Appellant=s sole point, we affirm the trial court=s judgment.

PER CURIAM

PANEL
A:  HOLMAN, LIVINGSTON, and GARDNER, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  November 10, 2005











[1]See Tex. R. App. P. 47.4.