CANALES v. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-555-CR

RAYMOND CANALES APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Raymond Canales appeals his conviction for capital murder.  After a jury found Appellant guilty, the court sentenced him to life imprisonment because the State waived its right to pursue the death penalty.  In a single point, he complains that the trial court erred in overruling his objection to his warrantless arrest.  We affirm.

FACTUAL BACKGROUND

In April 2002, Detective Thomas Boetcher of the Fort Worth Police Department investigated a murder in Fort Worth.  When he arrived at the scene, he observed the body of a Hispanic male, who had received blunt force trauma to his head, lying dead underneath the bridge. 

Detective Boetcher spoke with three convenience store clerks who informed him that they had seen the victim with a man who went by “Julio.” Dorris West, an employee of the convenience store, testified that he recalled that the victim came to the store with a man named “Julio” the evening that he died.  West testified that the two men went to the back of the store to get some beer and an argument ensued.  According to West, “Julio” left and the victim paid for the beer. 

Detective Boetcher interviewed Nathan Walker, a homeless man who frequented the area and was the first person to inform police about the body.  Walker took Detective Boetcher to an apartment and informed him that “Julio” could be found there.  “Julio,” a male matching the description given to Detective Boetcher, answered the door and took a few steps outside.  He identified himself as Raymond Canales (Appellant).  A woman standing behind him at the door, who was later identified as Mary Joshua, motioned for Detective Boetcher to come inside, which he did. 

Once Detective Boetcher was inside, Joshua proceeded to inform him that she knew about an assault that had occurred on the other side of the bridge.  Detective Boetcher said that Joshua was scared and excited and told him that the man outside, Appellant, was the one who had killed the man across the bridge.  She gave Detective Boetcher the bloody clothing that Appellant had been wearing and money that was still wet from Appellant’s wiping the blood off the bills with a washcloth.  At that point, Detective Boetcher placed Appellant under arrest for capital murder. 

DISCUSSION

In a single point, Appellant complains that the trial court erred in overruling his objection to the warrantless arrest because the record does not support a finding that Appellant was about to escape, as required by code of criminal procedure article 14.04.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 14.04 (Vernon 2005).  The State argues that the trial court did not err in overruling his objection because the arrest was valid under code of criminal procedure articles 14.03(a)(1) and 14.04.  
See
 
Tex. Code Crim. Proc. Ann.
 arts. 14.03(a)(1), 14.04 (Vernon 2005 & Supp. 2005).

We review a trial court’s ruling on a motion to suppress evidence under a bifurcated standard of review.  
Carmouche v. State
, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); 
Guzman v. State
, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  In reviewing the trial court’s decision, we do not engage in our own factual review.  
Romero v. State
, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); 
Best v. State
, 118 S.W.3d 857, 861 (Tex. App.—Fort Worth 2003, no pet.).  The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony.  
State v. Ross
, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); 
State v. Ballard
, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999).  Therefore, we give almost total deference to the trial court’s rulings on (1) questions of historical fact and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor.  
Johnson v. State
, 68 S.W.3d 644, 652-53 (Tex. Crim. App. 2002); 
State v. Ballman
, 157 S.W.3d 65, 68 (Tex. App.—Fort Worth 2004, pet. ref’d).  But when the trial court’s rulings do not turn on the credibility and demeanor of the witnesses, we review de novo a trial court’s rulings on mixed questions of law and fact.  
Estrada v. State
, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); 
Johnson
, 68 S.W.3d at 652-53.

When reviewing a trial court’s ruling on a mixed question of law and fact, the court of appeals may review de novo the trial court’s application of the law of search and seizure to the facts of the case.  
Estrada
, 154 S.W.3d at 607.  When there are no explicit findings of historical fact, the evidence must be viewed in the light most favorable to the trial court’s ruling.  
Id
.

We must uphold the trial court’s ruling if it is supported by the record and correct under any theory of law applicable to the case even if the trial court gave the wrong reason for its ruling.  
Armendariz v. State
, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003), 
cert. denied
, 541 U.S. 974 (2004); 
Ross
, 32 S.W.3d at 856; 
Romero
, 800 S.W.2d at 543. 

Code of criminal procedure article 14.04 provides:

Where it is shown by satisfactory proof to a peace officer, upon the representation of a credible person, that a felony has been committed, and that the offender is about to escape, so that there is no time to procure a warrant, such peace officer may, without warrant, pursue and arrest the accused.

Tex. Code Crim. Proc. Ann.
 art. 14.04.  Article 14.04 will justify the arrest if the State shows the officers had “satisfactory proof” that: (1) a felony had been committed (2) the appellant was the offender and (3) the appellant was “about to escape.”  
West v. State
, 720 S.W.2d 511, 522 (Tex. Crim. App. 1986), 
cert. denied
, 481 U.S. 1072 (1987).  Appellant does not argue that the police lacked satisfactory proof that a felony had been committed or that he was the perpetrator; he only contests the issue of whether Detective Boetcher was acting upon satisfactory proof that he was about to escape.  Appellant relies upon 
Dowthitt v. State
, 931 S.W.2d 244, 260 (Tex. Crim. App. 1996), and 
West
, 720 S.W.2d at 522, for this proposition.

In determining whether Appellant was about to escape, we consider whether the information available to the arresting officers would justify the belief that appellant would take flight.  
West
, 720 S.W.2d at 517.  In 
West, 
the lack of an act by the suspect indicating intent to escape was excused because of the circumstances under which probable cause to arrest arose.  
Id. 
at 517-18.  In 
West
, police officers were called to the scene of a murder after witnesses had reported hearing loud noises in an apartment complex.  
Id. 
at 512.  After discovering the victim’s body, one of the officers talked with the witnesses.  
Id.  
The witnesses reported that,
 
after hearing the loud noises, they had seen a man, whose clothes were wet with blood, exit the victim’s apartment.  
Id.
  
A woman, who believed she recognized the man described by the witnesses, led the police to the man’s apartment.  
Id. 
at 512-13.  The police knocked on the door, which was opened by the suspect’s companion.  
Id. 
at 513.  The police saw the suspect, eight feet away, wearing only a pair of shorts.  
Id.  
After ascertaining that the suspect matched the description given by the witnesses, the police arrested him.  
Id.  
The court of criminal appeals held that the warrantless arrest was proper under article 14.04, despite the absence of any act by the suspect tending to show an intent to escape, because the inference of the intent to escape was reasonable.  
See Dowthitt
, 931 S.W.2d at 260.

In 
Dowthitt
, the court of criminal appeals explained that 
West 
also requires that the circumstances be such that they would lead the officers reasonably to believe that the suspect would take flight if given the opportunity to do so.  
Id.
  The court distinguished 
Dowthitt 
from 
West
 because the facts in 
Dowthitt 
demonstrated not only the lack of an overt act by the appellant indicating his intent to escape, but also acts that contradicted such an intent.  
Id
.  In 
Dowthitt
, the appellant voluntarily appeared at the police station, remained at the station for questioning for six hours, and agreed to submit to a polygraph examination, which lasted another four hours.  
Id
.  Accordingly, the warrantless arrest in 
Dowthitt
 was held to be illegal.  
Id.
 at 260-61.

In both 
Dowthitt 
and 
West
, as in the present case, police officers undertook their investigation lawfully, the investigation led to receipt of information establishing probable cause to arrest, and the information was obtained in the presence of the suspect.  
Dowthitt
, 931 S.W.2d at 260; 
West
, 720 S.W2d at 518.  However, the present case is more akin to 
West 
than 
Dowthitt
 because the facts of the present case indicate only the lack of an overt act by Appellant indicating an intent to escape.  
Compare
  
Dowthitt
, 931 S.W.2d at 260, 
with
 
West, 
720 S.W.2d at 517-18. 

As required by 
West
, however, the facts of the present case also reveal that it would be reasonable for the officers to conclude that, given the opportunity, Appellant would escape. 
 See McAllister v. State
, 933 S.W.2d 763, 767 (Tex. App.—Houston [14th
 Dist.] 1996, pet. ref’d) (holding that the appellant was an escape risk where he (1) had run away from the scene, (2) was nervous and afraid, (3) was using an alias, and (4) was a transient with no permanent residence).  Although Appellant argues that the record makes clear that he lived in the apartment with Joshua on a frequent basis, Detective Boetcher testified that Joshua had told him that Appellant sleeps under bridges and that he did not live with her.  He also testified that he knew that Appellant was a transient who had no home address and he did not know where he would be able to find Appellant in the future. 

Applying the proper deference to the trial court’s application of the law to the facts of the present case and viewing the evidence in the light most favorable to the trial court’s ruling, we hold that it was reasonable, based on those facts, for Detective Boetcher to believe that Appellant would take flight if he had attempted to procure a warrant prior to arresting Appellant.  Thus, the trial court did not err in overruling Appellant’s objection to the warrantless arrest.  We overrule Appellant’s sole point.

CONCLUSION

Having overruled Appellant’s sole point, we affirm the trial court’s judgment.

PER CURIAM

PANEL F:  HOLMAN, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  March 23, 2006

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.