COREY GLEN SMITH v. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-207-CR

CORY GLEN SMITH APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Cory Glen Smith appeals from a conviction for possession of a controlled substance, methamphetamine, of more than four grams but less than 200 grams.  We affirm.

In two points, Appellant challenges the denial of his motion to suppress the baggie of methamphetamine that was found in his vehicle and the manner in which the defensive issue of justification was placed in the jury charge.  Because Appellant does not challenge the sufficiency of the evidence, we will address the pertinent evidence as it relates to each of Appellant’s points on appeal.

MOTION TO SUPPRESS

In his first point, Appellant complains that the trial court improperly denied his motion to suppress because the State did not prove that the baggie of methamphetamine was properly procured by the arresting officer under the “plain view” exception to the requirement that a search be conducted pursuant to a warrant.

Officer Shane Kotara of the North Richland Hills Police Department was the only witness to testify at the suppression hearing.  He stated that at about 5:55 p.m. on November 15, 2003, he was on patrol in a marked police car when he saw a silver Dodge Stratus run a stop sign.  He stopped the vehicle that was driven by Appellant, who was the sole occupant.  When he approached the vehicle to request Appellant’s driver’s license and proof of insurance, he smelled alcohol on Appellant’s breath.

At that point, Officer Kotara asked Appellant to step out of the vehicle and the officer conducted a field sobriety test, the horizontal gaze nystagmus.  The officer determined that Appellant passed the test and was not intoxicated.  However, the officer saw an open container of alcohol in the passenger area of the vehicle, and Appellant confirmed that there was an open container of alcohol inside the vehicle.  The officer informed Appellant that the officer was going to remove the alcohol.  All the doors of the four-door vehicle were locked except the driver’s door through which the officer entered and grabbed the open beer out of the open ice chest that was in the back seat of the vehicle.  He intended to have Appellant put the open container into the trunk of the vehicle.  When he reached into the vehicle, the officer saw another open container of alcohol between the front seat and the center console, and he removed that container.  While in the process of doing this, the officer saw a clear plastic bag within six inches of the second open container of alcohol.  This bag contained a crystal-like substance that based upon the officer’s training and experience appeared to be some sort of methamphetamine.  The bag of methamphetamine was in the officer’s plain sight.

Officer Kotara testified that the reason he reached into the car to remove the open containers from the passenger compartment of the vehicle was because if he had permitted Appellant to drive away with them, Appellant would still be in violation of the open container law and the officer would have to stop him again.  After the officer found the bag of crystal-like substance that he believed to be methamphetamine, he placed Appellant under arrest.

Trial court’s findings

At the conclusion of the suppression hearing the trial court made the following findings from the bench:

I’ll find that the officer was on patrol and observed the traffic offenses of running a stop sign and failure to turn into the closest available lane being committed by the silver automobile; that when he made the traffic stop in the 6600 block of Mid-Cities, he was able to identify the Defendant as the sole occupant of the car; that the Defendant had been driving the car from the entire time that he observed the traffic violation up until the time that he stopped him; that as the officer approached, he observed an ice chest in the back passenger seat floorboard that contained an open container of what he believed to be an alcoholic beverage.

Upon requesting the defendant for his driver’s license and his insurance, he came back and smelled alcohol on his breath.  He asked the Defendant to step out.  He performed the horizontal gaze nystagmus test, at which time the officer believed that the Defendant was not intoxicated and that he had passed.  It was his intention to issue a citation -- two citations, one for open container and one for the traffic violation.

The officer then was justified in approaching the vehicle to empty the open containers out.  Upon entering into the vehicle to empty the open containers is when he observed the controlled substance in plain view on the front seat, between the front seat and the console within six inches of the second open beer bottle.  It’s at that time that the Defendant -- he decided to place the Defendant under arrest.

So I will allow the discovery of the -- what purports to be the controlled substance as marked as State’s Exhibit 2 to be admitted for all purposes in front of the jury.

Standard of Review

We review a trial court’s ruling on a motion to suppress evidence under a bifurcated standard of review.  
Carmouche v. State
, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); 
Guzman v. State
, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  In reviewing the trial court’s decision, we do not engage in our own factual review.  
Romero v. State
, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); 
Best v. State
, 118 S.W.3d 857, 861 (Tex. App.—Fort Worth 2003, no pet.).  The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony.  
State v. Ross
, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); 
State v. Ballard
, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999).  Therefore, we give almost total deference to the trial court’s rulings on (1) questions of historical fact and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor.  
Johnson v. State
, 68 S.W.3d 644, 652-53 (Tex. Crim. App. 2002); 
State v. Ballman
, 157 S.W.3d 65, 68 (Tex. App.—Fort Worth 2004, pet. ref’d).  But when the trial court’s rulings do not turn on the credibility and demeanor of the witnesses, we review de novo a trial court’s rulings on mixed questions of law and fact.  
Estrada v. State
, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); 
Johnson
, 68 S.W.3d at 652-53.

When reviewing a trial court’s ruling on a mixed question of law and fact, the court of appeals may review de novo the trial court’s application of the law of search and seizure to the facts of the case.  
Estrada
, 154 S.W.3d at 607.  We must uphold the trial court’s ruling if it is supported by the record and correct under any theory of law applicable to the case even if the trial court gave the wrong reason for its ruling.  
Armendariz v. State
, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003), 
cert. denied
, 541 U.S. 974 (2004); 
Ross
, 32 S.W.3d at 856; 
Romero
, 800 S.W.2d at 543.  

Warrantless Searches and Seizures

The Fourth Amendment protects against unreasonable searches and seizures.  U.S. 
Const
. amend.  IV.  T
o suppress evidence because of an alleged Fourth Amendment violation, the defendant bears the initial burden of producing evidence that rebuts the presumption of proper police conduct.  
Ford v. State
, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005).  A defendant satisfies this burden by establishing that a search or seizure occurred without a warrant.  
Id
.  Once the defendant has made this showing, the burden of proof shifts to the State, which is then required to establish that the search or seizure was conducted pursuant to a warrant or was reasonable.  
Id
.

Whether a search is reasonable is a question of law that we review de novo.  
Kothe v. State
, 152 S.W.3d 54, 62 (Tex. Crim. App. 2004).  Reasonableness is measured by examining the totality of the circumstances.  
Id
. at 63.  It requires a balancing of the public interest and the individual’s right to be free from arbitrary detentions and intrusions.  
Id
.  A search conducted without a warrant is per se unreasonable unless it falls within one of the “specifically defined and well-established” exceptions to the warrant requirement.  
McGee v. State
, 105 S.W.3d 609, 615 (Tex. Crim. App.), 
cert. denied
, 540 U.S. 1004 (2003); 
see
 
Best
, 118 S.W.3d at 862.
  

The “plain view” doctrine is not really an “exception” to the warrant requirement because the seizure of property in plain view involves no invasion of privacy and is presumptively reasonable.  
Walter v. State
, 28 S.W.3d 538, 541 (Tex. Crim. App. 2000).  If an article is in plain view, neither its observation nor its seizure would involve any invasion of privacy.  
Id.  
The criteria that guide a “plain view” analysis are:  (1) law enforcement officials have a right to be where they are, and (2) it must be immediately apparent that the item seized constitutes evidence, that is, there is probable cause to associate the item with criminal activity.  
Walter v. State
, 28 S.W.3d 538, 541 (Tex. Crim. App. 2000).  In determining whether the officer had a right to be where he was, the Supreme Court requires that “the officer did not violate the Fourth Amendment in arriving at the place from which the evidence could be plainly viewed.”  
Id
. (quoting 
Horton v. California
, 496 U.S. 128, 136, 110 S. Ct. 2301, 2308 (1990)).

Analysis

Appellant does not contest the initial stop of his vehicle.  He does challenge the warrantless search of the vehicle that resulted in the drugs being found inside the vehicle.  At trial, Appellant met his burden of establishing that the search was conducted without a warrant.  Accordingly, the burden then shifted to the State to establish that the search and seizure were reasonable.

A person commits an offense if he knowingly possesses an open container of an alcoholic beverage in a passenger area of a motor vehicle that is located on a public highway.  
Tex. Penal Code Ann.
 § 49.031(a)(1),(b) (Vernon 2003).  “Passenger area” is defined as the area of a motor vehicle designed for the seating of the operator and passengers of the vehicle.  
Id.
 § 49.031(a)(2).  

Appellant points out that Officer Kotara was not authorized to arrest him for violation of the open container law.  
See
 
Tex. Transp. Code Ann.
 § 543.004(a) (Vernon Supp. 2005) (specifying that an officer shall issue a written notice to appear for a violation of the open container law if the person makes a written promise to appear in court). 
 Because the officer was not authorized to arrest Appellant for a violation of the open container law, Appellant asserts he was not authorized
 to enter Appellant’s vehicle to remove the open containers of alcohol because they are not contraband and are therefore not subject to seizure.

We disagree.  We conclude that the State met its burden of establishing that the search of Appellant’s vehicle was reasonable.  Officer Kotara could not permit Appellant to drive away with two open containers of alcohol inside the vehicle; Appellant would again be in violation of the open container law.  Therefore, the officer had a right to be inside Appellant’s vehicle in order to seize evidence that was in plain view in violation of the open container law.  While he was legally inside the vehicle, the officer saw a clear plastic bag that contained a crystal-like substance that the officer associated with criminal activity, possession of a controlled substance.  Because the State established that the evidence was obtained in accordance with the plain view doctrine and did not violate the warrant requirement of the Fourth Amendment, we hold the trial court did not abuse its discretion in denying Appellant’s motion to suppress.  Appellant’s first point is overruled. 

JURY CHARGE ON DEFENSIVE ISSUE
  

In his second point, Appellant contends the trial court committed reversible error by requiring the jury to find beyond a reasonable doubt that Appellant reasonably believed his conduct was required to assist a public servant in the performance of his duties.  In the argument portion of his brief, Appellant phrases his contention somewhat differently.  He asserts that the manner in which the defensive issue of justification was placed in the charge significantly diminished the State’s burden of proof, and he was denied an opportunity to have the jury consider his defensive issue at the same time that it was considering whether the State had proved its case beyond a reasonable doubt.

It is a justification to prosecution that the conduct in question is justified under the penal code.  
Tex. Penal Code Ann.
 § 9.02 (Vernon 2003).  Conduct is justified if the actor reasonably believed his conduct was required or authorized to assist a public servant in the performance of his official duty.  
Id.
 § 9.21(d)(2).  The issue of the existence of a defense is not submitted to the jury unless evidence is admitted supporting the defense.  
Id.
 § 2.03(c) (Vernon 2003); 
Bodget v. State
, 74 S.W.3d 23, 31 (Tex. Crim. App. 2002).   

At the North Richland Hills jail, Appellant signed a written statement in which he offered the following explanation as justification for the drugs found in his vehicle:

As I was telling Officer Kotara at the time of arrest, the reason I was carrying the narcotics is that I purchased them from a known person of Billy Reedy, a murder fugitive.  The reason I knew all of this is because Billy was driving a vehicle registered to me when the offense happened.  I was instructed by a Detective Byron Stewart to do whatever I could to bring Billy in and off the streets.  Detective Stewart is from the West Division of Arlington Police Department.  I made the buy to get closer to this person and gain his trust.  As soon as I got back to the house, which I wasn’t a couple of blocks from the house, I was going to call Detective Stewart and tell what had happened -- and tell what had taken place and to receive further instructions from him.  I would be glad to talk to whomever and get this cleared up.  I have whatever you may need for assistance.

Based upon Appellant’s written and videotaped statements, the trial court included the defense of justification in the proposed jury charge; at the charge conference, Appellant’s counsel informed the court that he did not have any objections to the court’s charge.

Appellate review of error in a jury charge involves a two-step process.  
Abdnor v. State
, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994).  Initially, we must determine whether error occurred; if so, we must then evaluate whether sufficient harm resulted from the error to require reversal.  
Id.
 at 731-32.  

Article 36.14 of the code of criminal procedure requires the trial court to instruct the jury on the law applicable to the case.  
Tex. Code Crim. Proc. Ann.
 art. 36.14 (Vernon Supp. 2005); 
Gray v. State
, 152 S.W.3d 125, 127-28 (Tex. Crim. App. 2004);
 see also
 
Dinkins v. State
, 894 S.W.2d 330, 339 (Tex. Crim. App.) (holding function of jury charge is to instruct the jury on the law applicable to the case), 
cert. denied
, 516 U.S. 832 (1995). 
 If the issue of the existence of a defense is submitted to the jury, the court shall charge that a reasonable doubt on the issue requires that the defendant be acquitted.  
Tex. Penal Code Ann.
 § 2.03(d).  The court’s charge in the instant case provided in pertinent part as follows: 

Now, if you find from the evidence beyond a reasonable doubt that on or about the 15th day of November, 2003, in Tarrant County, Texas, the Defendant, Cory Glen Smith, did heretofore then and there intentionally or knowingly possess a controlled substance, namely methamphetamine, or four grams or more, but less than two hundred grams, including any adulterants or dilutants, then you will find the Defendant guilty of the offense of possession of a controlled substance, namely methamphetamine of four grams or more, but less than two hundred grams, as charged in the indictment.

Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the Defendant and say by your verdict “Not Guilty”. 

A person is justified for conduct, if any, committed by the person if the person reasonably believes that his conduct is required or authorized to assist a public servant in the performance of the public servant’s official duty, even though the public servant exceeds his lawful authority.

A police officer is a public servant.

“Reasonable belief” means a belief that would be held by an ordinary and prudent man in the same circumstances as the Defendant.

Now, if you find from the evidence beyond a reasonable doubt that on or about the 15th day of November, 2003, in Tarrant County, Texas, the Defendant, Cory Glen Smith, did heretofore then and there intentionally or knowingly possess a controlled substance, namely methamphetamine, of four grams or more, but less than two hundred grams, including any adulterants or dilutants, but you further find from the evidence, or if you have a reasonable doubt thereof, that the Defendant, Cory Glen Smith reasonably believed that his conduct, if any was required or authorized to assist a public servant in the performance of the public servant’s official duty and even though the public servant exceeded his lawful authority, then you will acquit the Defendant and say by your verdict “Not Guilty”.

The State is not required to negate the existence of a defense in the accusation charging commission of the offense.  
Tex. Penal Code Ann.
 §  2.03(b).  However, the State has the ultimate burden of persuasion when confronted with a section 2.03 defense.  
Zuliani v. State
, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003).  The State's burden is proving its case beyond a reasonable doubt.  
Id.
  

Our appellate review of the jury charge is not limited to certain parts of the charge standing alone; rather, the charge must be viewed as a whole.  
See
 
Reyes v. State
, 741 S.W.2d 414, 
426 (Tex. Crim. App. 1987).  The first application paragraph of the jury charge provided that the jury must consider whether the State proved Appellant guilty beyond a reasonable doubt.  If the jury had a reasonable doubt about whether the State proved the elements of its case, the jury should find Appellant not guilty.  The charge then instructed the jury about the defense of justification.  This was followed by the second application paragraph which provided that if the jury found the State proved the elements of its case, but
 the jury found from the evidence, or had a reasonable doubt thereof, that Appellant reasonably believed his conduct was required or authorized to assist a public servant in the performance of his official duty, the jury should find Appellant not guilty.  The jury is presumed to have understood and followed the trial court’s charge unless there is evidence to the contrary.  
See Hutch v. State
, 922 S.W.2d 166, 172 (Tex. Crim. App. 1996); 
Sparks v. State
, 177 S.W.3d 127, 134 (Tex. App.—Houston [1st Dist.] 2005, no pet.).  No such evidence exists in the instant case.  

We conclude that 
when the jury charge is viewed as a whole it is not illogical or confusing for the jury and did not misplace the burden of proof.  The jury charge sufficiently tracked the language of section 2.03(d) which states that a reasonable doubt on Appellant’s defense of justification requires that the defendant be acquitted.  
See
 
Tex. Penal Code Ann.
 § 2.03(d). 
 
Accordingly, we hold the trial court did not err in the manner in which it submitted Appellant’s justification defense to the jury.
(footnote: 2)  We overrule Appellant’s second point.        

CONCLUSION
 

Having overruled both of Appellant’s points, we affirm the judgment of the trial court.

PER CURIAM

PANEL B:  HOLMAN, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  JUNE 29, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See Wingo v. State
, 143 S.W.3d 178, 190 (Tex. App.—San Antonio 2004) (holding trial court did not err in its arrangement of the defense and application paragraphs), 
aff’d
, 189 S.W.3d 270 (Tex. Crim. App. 2006); 
see also Martinez v. State
, No. 05-03-01243-CR, 2004 WL 2378359, at *1-2 (Tex. App.—Dallas Oct. 25, 2004, no pet.) (not designated for publication) (disagreeing with the appellant’s contention that placement of application paragraph in charge before abstract instructions on constitutional rights confused the jury or was illogical).