In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-499 CR


____________________



ANTHONY WAYNE STOVALL, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the County Court at Law Number One


Montgomery County, Texas


Trial Cause No. 04-192289






 MEMORANDUM OPINION 


 Anthony Stovall, appellant, was arrested for driving while intoxicated on December
13, 2003. Tex. Pen. Code Ann. § 49.04(b) (Vernon 2003). During the trial, Stovall
requested that the court suppress the results from his intoxilyzer test. After an evidentiary
hearing outside the presence of the jury, the trial court denied Stovall's motion to suppress. 
The jury subsequently convicted Stovall on the charged offense. The trial court assessed
punishment at three days in jail with credit for time served, along with a $350 fine and
suspension of Stovall's license for 180 days. We affirm.

 Stovall contends the trial court should have suppressed his intoxilyzer test results
because he received a coercive, extra-statutory warning regarding the potential consequences
of refusing to take the breath test. On appeal, we review a trial court's ruling on a motion
to suppress evidence under a bifurcated standard. Carmouche v. State, 10 S.W.3d 323, 327
(Tex. Crim. App. 2000); Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We
do not engage in a factual review. Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App.
1990); Best v. State, 118 S.W.3d 857, 861 (Tex. App.-Fort Worth 2003, no pet.). The trial
judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to
be given their testimony. State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); State
v. Ballard, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999). Therefore, we defer to the trial
court with respect to its rulings on questions of historical fact and application-of-law-to-fact
questions that turn on an evaluation of credibility and demeanor. Johnson v. State, 68
S.W.3d 644, 652 (Tex. Crim. App. 2002); State v. Ballman, 157 S.W.3d 65, 68 (Tex.
App.-Fort Worth 2004, pet. ref'd). But when the trial court's rulings do not turn on the
credibility and demeanor of the witnesses, we review de novo a trial court's rulings on mixed
questions of law and fact. Estrada v. State, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005);
Johnson, 68 S.W.3d at 652-53.

 In this case, Stovall testified that State Trooper, Arnoldo Balderas, read the DIC-24
warnings to him. The DIC-24 form contains multiple statutorily required warnings and
included the statement that:

 You may request a hearing on the suspension or denial. This request must be
received by the Texas Department of Public Safety at its headquarters in
Austin, Texas, no later than 15 days after you receive or are presumed to have
received notice of suspension or denial. The request can be made by written
demand, fax, or other form prescribed by the Department. 

 

Stovall held a commercial license, but at the time he was arrested he was not driving a
commercial vehicle. Stovall testified that based upon his conversation with Trooper Balderas
he understood that his commercial license would be automatically suspended if he did not
take the breath test. Stovall also testified that he did not understand that he was entitled to
a hearing on the suspension of a commercial driver's license. However, Stovall did not
testify that Trooper Balderas told him he had no right to a hearing on the suspension of his
commercial license. 

 Stovall's argument that he was given extra-statutory warnings is without merit. He
admitted that he received information from Trooper Balderas that he could request a hearing
on the suspension of his license. Stovall's position is that he thought his right to a hearing
applied only to a Class C license, and he contends that he was unaware of his right to a
hearing on the suspension of his commercial license. Nevertheless, the rules regarding the
procedure to obtain a hearing for the appeal of a commercial license overlap those pertinent
to the suspension of a Class C license. See Tex. Transp. Code Ann. § 522.105(b) (Vernon
1999) (procedure for notice and disqualification of persons driving commercial motor
vehicles to follow Chapter 724 Subchapter C and D, or Chapter 524) (emphasis added). 
Chapter 524 of the Transportation Code, which sets out the general rules that apply to drivers
arrested for violating Section 49.04 of the Penal Code, contains a provision that requires a
driver to request a hearing with the Department of Public Safety not later than the fifteenth 
day after the date the person receives the notice of suspension. Tex. Transp. Code Ann. §
524.031 (Vernon 1999). Section 724.041 of the Transportation Code provides an alternate 
method for a driver to obtain a hearing upon the suspension of a commercial license, and
contains a similar fifteen day demand period. See Tex. Transp. Code Ann. § 724.041
(Vernon Supp. 2006). 

 Thus, the information that Stovall received regarding his right to a hearing on the
suspension of his license was accurate. Because the information Stovall received was
accurate, we find no merit in his argument that he was coerced into taking the intoxilyzer test
because he erroneously thought the right to a suspension hearing applied only to drivers with 
Class C licenses. We find no error in the trial court's admitting Stovall's intoxilyzer test
results.

 In his second issue, Stovall asserts the trial court failed to consider testimony he
offered in a bill of exceptions regarding the content of the extra-statutory warnings he
received from Trooper Balderas. In his bill, Stovall testified that Trooper Balderas told him
that his commercial license would be suspended. However, this testimony was cumulative
of Stovall's other testimony introduced without objection. 

 A trial court may exclude cumulative evidence. Tex. R. Evid. 403. Any error in
excluding evidence is harmless if the same evidence is subsequently admitted without
objection. See Chamberlain v. State, 998 S.W.2d 230, 235 (Tex. Crim. App. 1999);
McFarland v. State, 845 S.W.2d 824, 840 (Tex. Crim. App. 1992).

 The trial court did not abuse its discretion in sustaining the State's objections to
Stovall's testimony about Trooper Balderas's out-of-court statements. Moreover, the trial
court's exclusion of Stovall's testimony about Trooper Balderas's statements did not prevent
Stovall from fairly presenting his motion to suppress. See Ray v. State, 178 S.W.3d 833, 836
(Tex. Crim. App. 2005). We overrule Stovall's second issue, and affirm the trial court's
judgment.

 AFFIRMED.

 ___________________________

 HOLLIS HORTON

 Justice


Submitted on October 5, 2006

Opinion Delivered January 17, 2007

Do Not Publish


Before McKeithen, C.J., Kreger and Horton, JJ.